Alan BUNCH, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 79A02–0105–PC–338.

Court of Appeals of Indiana.

Jan. 16, 2002.

 

Earl McCoy, The Law Office of Patrick Harrington, Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Judge.

### Case Summary

Appellant-petitioner Alan Bunch ("Bunch") appeals the post-conviction court's denial of his successive petition for post-conviction relief ("PCR"). We affirm.

### Issues

Bunch raises one issue, which we restate as the following two:

I. whether Bunch has waived the instant challenge to his sentence; and

II. whether the trial court considered improper aggravating factors when enhancing his sentence and failed to find significant mitigators purportedly substantiated by the record.

### Facts and Procedural History

On July, 27, 1990, Kim Hostetter ("Hostetter") died at St. Elizabeth Hospital in Lafayette, Indiana, from an overdose of cocaine that Bunch had given to her. The State charged Bunch with a total of eight counts, and on August 15, 1991, Bunch was found guilty of two counts of dealing in cocaine,[1] both as Class A felonies, and four counts of dealing in cocaine,[2] all as Class B felonies. The trial court's sentencing order reads in relevant part:

The Court finds no mitigating factors.

The Court finds the following aggravating factors: prior contact with the criminal justice system starting back when defendant was a juvenile. December 12, 1979, adjudicated a delinquent child as to Count I and II, involving a burglary; predispositional hearing on February 26, 1980, defendant was placed on probation and sentenced to ten (10) days in jail, suspended, attend school on a regular basis; February 27, 1981 defendant was involved in two counts of battery; March 26, 1981 state filed motion for modification of judgment; predispositional hearing; May 19, 1981 defendant to abide by all previously ordered terms and conditions, including obtaining employment, serving weekends until employment obtained; November 17, 1982 probation terminated. As an adult, on April 2, 1982, defendant was convicted of minor in consumption; April 28, 1982 defendant received 30 days in jail, 6 months probation and a fine; April 20, 1982 defendant charged again, minor consuming alcohol; May 17, 1982, find, 6 months probation, attend New Directions; April 26, 1990 defendant charged with Possession of Marijuana which is pending; December 6, 1990, charge of dealing in marijuana in an amount of more than thirty grams which is pending. Defendant has a history of criminal activity; defendant is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility; imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime; defendant has been extensively involved in this community in the sale a marijuana and cocaine; as a circumstance surrounding this incident, the death of Kim Hosteter [sic].

The court finds that the aggravating factors outweigh the mitigating factors.

On September 9, 1991, the trial court sentenced Bunch to fifty years for each of the Class A felonies, with four years suspended, and twenty years for each of the Class B felonies, all to run concurrently.

■ In a memorandum decision, this court overturned on direct appeal one of Bunch's Class A felony convictions; this reversal did not affect the duration of Bunch's sentence. See Bunch v. State, No. 79A02–9112–CR–539, 594 N.E.2d 847 (Ind. Ct.App. June 18, 1992). On November 16, 1993, Bunch filed a petition for PCR, which the trial court denied on October 5, 1994. We upheld this denial in a memorandum decision. See Bunch v. State, No. 79A04–9501–PC–14, 659 N.E.2d 262 (Ind. Ct.App. Dec.14, 1995). In neither his di-

---

1. Ind.Code § 35–48–4–1.

2. Id.

rect appeal nor his first PCR petition did Bunch raise any sentencing issues. On October 29, 1998, we permitted Bunch to file a successive PCR petition challenging his sentence and alleging ineffective assistance of counsel at trial, on direct appeal, and in his first PCR petition.[3] The post-conviction court held a hearing on Bunch's petition and denied it on April 30, 2001. Bunch now appeals from that denial.

### Discussion and Decision

#### I. Waiver

 Bunch challenged his sentence in his successive PCR petition, and the State argues in its brief that Bunch waived this issue by failing to raise it in either his direct appeal or his first PCR petition. While it is true that an issue available but not raised on direct appeal can be waived in a subsequent PCR petition, waiver is an affirmative defense that the State must present to a post-conviction court before that court can find waiver. *See State v. Eubanks*, 729 N.E.2d 201, 205 (Ind.Ct.App. 2000) (citing *Mickens v. State*, 596 N.E.2d 1379, 1381 (Ind.1992)), *trans. denied.* The State asserted the affirmative defense of waiver in its answer to Bunch's successive PCR petition, but we nevertheless conclude that it did not sufficiently present the affirmative defense before the post-conviction court. In so concluding, we find

one fact to be dispositive: that the State failed to argue waiver at the post-conviction hearing.

Our review of the seminal Indiana case on the topic, *Langley v. State*, 256 Ind. 199, 267 N.E.2d 538 (1971), convinces us that the key factor in preserving waiver for appeal is that the issue be argued to the post-conviction court. *See id.* at 207 n. 2, 267 N.E.2d at 543 n. 2 ("[I]t would seem that the state is precluded from asserting waiver on appeal where *they made no mention concerning it at the hearing* on the same basis that an appellant is normally denied the right to raise an issue for the first time on appeal.") (emphasis added); *see also id.* at 205, 267 N.E.2d at 542 ("It is therefore apparent that upon being properly raised, the matter of waiver and the collateral issues necessarily involved should be of initial concern *at the P.C. hearing.*") (emphasis added). The *Langley* court also noted that the State argued the merits at the post-conviction hearing. *See id.* at 207, 267 N.E.2d at 542–43 ("Where, however, the state, as it did in this case, chooses to meet a petitioner's allegations on their merits at the hearing, we must do likewise on appeal.").

 This is not to say, however, that the State forfeits its waiver defense by arguing the merits after the post-conviction court finds, as an initial matter, that

---

**3.** For the first time since his successive PCR petition, Bunch raises the issue of ineffective assistance of counsel in his reply brief. Bunch has waived this issue by not raising it in his appellate brief. *See Ross v. State*, 429 N.E.2d 942, 945 (Ind.1982) ("By his reply brief, Defendant seeks to present new theories of appeal. This is not permissible. The purpose of the reply is to meet and avoid, if possible, the argument presented by an appellee's answer brief."). Waiver notwithstanding, we conclude today that the trial court's sentencing errors were harmless and that Bunch therefore suffered no prejudice. Consequently, his prior counsel was not ineffec-

tive in failing to raise sentencing issues. *See Young v. State*, 746 N.E.2d 920, 926–27 (Ind. 2001) ("[T]he defendant must show that counsel's performance was deficient .... [and] that the deficient performance prejudiced the defense. .... The two prongs of the *Strickland* test are separate and independent inquiries [and] '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed.'") (quoting *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (final two alterations in original).

waiver does not apply. *Cf. Mickens,* 596 N.E.2d at 1381 ("When a post-conviction court does not find waiver and denies the petition on other grounds, if the petitioner appeals the State can argue waiver in its appellee's brief without filing a cross-appeal on the issue."). Therefore, if the State argues the affirmative defense of waiver at the post-conviction hearing, then the issue is preserved for appeal even if the post-conviction court disposes of the petition on other grounds. Here, because the State failed to argue the affirmative defense of waiver at the post-conviction hearing, it cannot now raise waiver on appeal.

## II. Aggravators and Mitigators

■ Bunch contends that all the aggravating circumstances the trial court considered in enhancing his sentence were improper and that the trial court failed to find three significant mitigators for which there was substantial evidence. Bunch bore the burden of establishing the grounds for relief by a preponderance of the evidence in the post-conviction court. *See* Ind. Post–Conviction Rule 1(5). The standard of review for sentences is well settled:

> Within the applicable statutory and constitutional parameters, sentencing decisions rest within the sound discretion of the trial court and are reversed only for an abuse of that discretion. The sentencing statement must identify the significant aggravating and mitigating circumstances; identify the facts that led the trial court to find each circumstance; and show that the aggravating and mitigating circumstances have been balanced.

*Harrison v. State,* 699 N.E.2d 645, 650 (Ind.1998) (citations omitted). We will address each aggravator and proposed mitigator in turn to determine if the trial court

abused its discretion by not acting within the applicable statutory parameters.

### A. Aggravators

■ The trial court found as aggravators that Bunch was "in need of correctional or rehabilitative treatment that c[ould] best be provided by commitment to a penal facility" and that "imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime." Bunch argues, and the State concedes, that the trial court improperly considered these aggravating factors. We agree. Because the trial court merely recited the language of Indiana Code Section 35–38–1–7.1(b)(3) and specified no reasons why Bunch needed extended correctional and rehabilitative treatment, its consideration of the first factor was improper. *See Mayberry v. State,* 670 N.E.2d 1262, 1271 (Ind.1996) (holding that trial court's consideration of this factor was improper when "[t]he trial court gave no specific or individualized statement of the reason why this defendant was in need of correctional and rehabilitative treatment that could best be provided by a period of incarceration in a penal facility in excess of the presumptive sentence term."). In addition, while "a trial court may consider as an aggravating factor the possibility that a reduced sentence might depreciate the seriousness of a crime[,] .... this factor 'may be used only when considering the imposition of a sentence of shorter duration than the presumptive sentence.'" *Mitchem v. State,* 685 N.E.2d 671, 679 (Ind.1997) (citation omitted). There is no indication in the record that the trial court ever considered giving Bunch less than the presumptive sentence in this case, so its consideration of this factor was also improper.

■ Bunch also contends that the trial court accorded too much weight to his past

criminal history because it consisted only of two adult convictions and two contacts with the juvenile justice system, all events that had taken place more that eight years prior to his sentencing. However, Bunch's "history of criminal or delinquent activity" that the trial court considered under Indiana Code Section 35–38–1–7.1(b)(2) was more extensive, ongoing, and recent than Bunch suggests. As a juvenile, Bunch was adjudged a delinquent child after committing a burglary and was "involved in two counts of battery."[4] As an adult, he had two convictions of minor consumption of alcohol, had a long history of drug dealing, and, at the time of sentencing, had charges pending against him for dealing in and possession of marijuana. In light of this record, we conclude that the sentencing court did not abuse its discretion in finding Bunch's history of criminal and delinquent activity to be an aggravating factor.

■ Bunch also contends that the sentencing court improperly considered his history of dealing drugs because the evidence of that history was unreliable. The evidence introduced at the sentencing hearing regarding this history consisted of the testimony of two police officers who had interviewed many persons during their investigation of Bunch. Even if this evidence would have been inadmissible hearsay at trial, it was proper for the trial court to consider it at the sentencing hearing. *See Games v. State*, 743 N.E.2d 1132, 1135–36 (Ind.2001) ("[A] trial court may consider hearsay in a sentencing proceeding."). The trial court could have properly

considered Bunch's drug dealing as part of a history of criminal or delinquent behavior,[5] as evidence of his character,[6] or as indicating a risk that he would commit another crime.[7] Even though the trial court did not identify under which statutory provision it considered Bunch's history of drug dealing, trial courts are not limited to consideration of only those factors specifically enumerated in the statute. *See* IND.CODE § 35–38–1–7.1(d) ("The criteria listed in subsections (b) and (c) do not limit the matters that the court may consider in determining the sentence."). Therefore, the trial court's consideration of Bunch's history of drug dealing was proper.

■ Finally, Bunch contends that it was improper for the trial court to consider Hostetter's death as an aggravator (1) because a court cannot consider a material element of a charged offense as an aggravator, and (2) because a court cannot consider an acquittal as an aggravator. Bunch is correct that a trial court "may not use a factor constituting a material element of an offense as an aggravating circumstance," *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind.2000), and that "past acquittals may not be used to enhance the presumptive sentence for a current conviction." *Fugate v. State*, 516 N.E.2d 75, 79 (Ind.Ct.App.1987).

■ Bunch, however, mischaracterizes the trial court's consideration of Hostetter's death: the record clearly indicates that the trial court considered Hostetter's death as a circumstance of the crimes of

---

4. The record is unclear concerning Bunch's "involve[ment] in two counts of battery." Bunch did not include with his appendix the pre-sentence investigation report, which might have provided more detail. *See* Ind. Appellate Rule 50(B)(1)(d) (providing that appellant's appendix shall include copies of "any other short excerpts from the Record

... that are important to a consideration of the issues raised on appeal.").

5. *See* IND.CODE § 35–38–1–7.1(b)(2).

6. *See id.* § 35–38–1–7.1(a)(3)(B).

7. *See id.* § 35–38–1–7.1(a)(1).

which he *was* convicted. *See* IND.CODE § 35–38–1–7.1(a)(2) ("In determining what sentence to impose for a crime, the court shall consider . . . . the nature and circumstances of the crime committed[.]"). Addressing Hostetter's death at the sentencing hearing, the trial court said, "although you're not guilty of reckless homicide, the Court still finds that the surrounding circumstance is an aggravating factor." We conclude that this statement is sufficient to indicate that the trial court properly found Hostetter's death to be an aggravating factor.

### B. Mitigators

■■■ Bunch also contends that the trial court improperly failed to consider three significant mitigators that he claims are supported by substantial evidence:[8] (1) that he had led a law-abiding life for many years before committing the instant crimes,[9] (2) that he was likely to respond affirmatively to a short prison term,[10] and (3) that his character and attitudes indicated that he was unlikely to commit another crime.[11] We will conclude that the trial court has abused its discretion in failing to find a mitigating circumstance only when the record contains substantial evidence of significant mitigating circumstances. *See Allen v. State*, 722 N.E.2d 1246, 1251 (Ind. Ct.App.2000). Where a claim is "highly disputable in nature, weight, or significance," there is no error in failure to find mitigation, nor is the court obligated to explain why a certain mitigating factor does not exist. *Id.* at 1252 (citation omitted). A court is not obligated to accept a defendant's assertions as to what constitutes a mitigating factor, nor is it required to give the same weight to the mitigating evidence as the defendant does. *See id.*

■■■ The fact that eight years had elapsed since his last criminal conviction does not necessarily mean that Bunch had been leading a law-abiding life. Two police officers testified at his sentencing hearing that he had a long history of dealing drugs, which also undercuts his contention that he was unlikely to commit another crime. As for Bunch's contention that he was likely to respond affirmatively to short-term imprisonment, we have only his father's testimony at the hearing that he had grown up since the commission of his crimes, and that Bunch's friends had led him back into a life of crime. Without more, these statements do not clearly indicate that Bunch was likely to respond affirmatively to short-term imprisonment. Contrary to Bunch's contention, the trial court did not abuse its discretion in failing to find Bunch's proposed mitigators.

■■■ In summary, although the sentencing court improperly considered two aggravators when it enhanced Bunch's sentence, we conclude that it properly considered three aggravators and did not err in failing to find Bunch's proffered mitigators. If a trial court improperly applies an aggravator, but other valid aggravators exist, a sentence enhancement may still be upheld; even one valid aggravator may be sufficient to support an enhanced sentence. *See Garrett v. State*, 714 N.E.2d 618, 623 (Ind.1999). With three remaining valid

---

**8.** Because Bunch did not advance the second and third proposed mitigators at his sentencing hearing, he cannot raise them for the first time in this appeal. *See Spears v. State*, 735 N.E.2d 1161, 1167 (Ind.2000). We are mindful, however, of the possibility of a future successive PCR petition claiming ineffective assistance of counsel; in the interest of judicial economy, we address these proposed mitigators on the merits, waiver notwithstanding.

**9.** *See* IND CODE § 35–38–1–7.1(c)(6).

**10.** *See id.* § 35–38–1–7.1(c)(7).

**11.** *See id.* § 35–38–1–7.1(c)(8).

aggravators, including the fact that Bunch's crimes resulted in Hostetter's death, the trial court did not abuse its discretion in enhancing Bunch's sentence. Because the sentencing errors made by the trial court were harmless, the post-conviction court did not err in denying Bunch's petition for PCR.

Affirmed.

RILEY, J., and MATHIAS, J., concur.