Alan BUNCH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 79S02–0205–PC–293.

Supreme Court of Indiana.

Nov. 26, 2002.

Earl McCoy, Lafayette, IN, Attorney
for Appellant.

Steve Carter, Attorney General of
Indiana, Jodi Kathryn Stein, Deputy At-
torney General, Indianapolis, IN, Attor-
neys for Appellee.

## ON PETITION TO TRANSFER

BOEHM, Justice.

We hold that in order to establish the affirmative defense of waiver the State must raise it in its pleading in a post-conviction relief proceeding and carry the burden of proof on the issue in the trial court. However, a court on appeal may nevertheless find, sua sponte or at the suggestion of a party, that the issue presented in a post-conviction petition was waived by procedural default if the matter could have been presented on direct appeal but was not.

### Factual and Procedural Background

Alan Bunch was found guilty by a jury of two counts of Dealing in Cocaine as Class A felonies and four counts of Dealing in Cocaine as Class B felonies. For each Class A felony, Bunch was sentenced to fifty years in prison, with four years suspended for supervised probation. He received a twenty-year sentence on each count of Dealing in Cocaine as a Class B felony. All time was ordered to be served concurrently.

On direct appeal, the Court of Appeals overturned one of Bunch's Class A felony convictions in an unpublished memorandum decision but his sentence remained at fifty years. *Bunch v. State,* 594 N.E.2d 847, No. 79A02–9112–CR–539 (Ind. Ct. App. June 18, 1992). Bunch did not raise any sentencing issues in his direct appeal.[1]

Bunch then filed a petition for post-conviction relief which was denied by the trial court. The Court of Appeals affirmed the denial of post-conviction relief by unpublished memorandum decision. *Bunch v. State,* 659 N.E.2d 262, No. 79A04–9501–PC–14 (Ind.Ct.App. Dec. 14, 1995). Bunch raised no challenge to the trial court's handling of mitigating or aggravating circumstances.[2] This Court denied transfer.

Bunch then filed a successful request for permission to file a successive petition for post-conviction relief. In the successive petition, Bunch argued that in sentencing him, the trial court improperly weighed the aggravating and mitigating circumstances.[3] The State filed a response asserting the affirmative defenses of waiver, res judicata, and laches.[4]

At the successive post-conviction hearing, Bunch challenged four aggravating factors cited by the trial court.[5] The State

---

1. On direct appeal, Bunch argued: (1) a statement given by Bunch was pursuant to a custodial interrogation that required he be advised of his Miranda rights; (2) the trial court erred by permitting the State to question Bunch about his use and possession of marijuana although he had never been charged or convicted of those activities; and (3) the trial court erred by permitting the State to prepare four bags of a white powdery substance as demonstrative evidence.

2. In his first post-conviction relief appeal, Bunch contended: (1) he was not sufficiently advised of the accusations against him because the charging information failed to name the person to whom he intended to deliver the cocaine; and (2) his Fifth Amendment rights were violated when he was sentenced twice for the same set of facts.

3. Bunch also raised the issue of ineffective assistance of trial, appellate, and post-conviction counsel in his petition to the trial court. He raised this issue for the first time in his reply appellate brief. Relying on *Ross v. State,* 429 N.E.2d 942, 945 (Ind.1982), the Court of Appeals found Bunch had waived this issue by not raising it in his principal brief. *Bunch v. State,* 760 N.E.2d 1163, 1167 n. 3 (Ind.Ct.App.2002). We summarily affirm this issue. Ind. Appellate Rule 58(A)(2).

4. The State did not raise either res judicata or laches on appeal, and we do not address these issues.

5. Bunch had been charged with reckless homicide based on a death from overdosing on Bunch's drugs, but he was acquitted of that count. Bunch challenged the trial court's

responded to Bunch's arguments on the merits contending that one aggravating circumstance was sufficient to enhance a sentence above the presumptive sentence. The post-conviction court denied Bunch relief without ruling on the State's pleaded defense of waiver.

On appeal, the Court of Appeals affirmed the trial court's denial of post-conviction relief on the merits, but noted that "because the State failed to argue the affirmative defense of waiver at the post-conviction hearing, it cannot now raise waiver on appeal." *Bunch v. State,* 760 N.E.2d 1163, 1168 (Ind.Ct.App.2002).[6] We granted transfer in a separate order dated May 23, 2002 to address this last issue.

## I. "Waiver" and Procedural Default

On appeal, relying on *Rouster v. State,* 705 N.E.2d 999, 1003 (Ind.1999), the State argued that Bunch had waived the sentencing issue because he did not raise it on direct appeal.[7] The Court of Appeals interpreted *Langley v. State,* 256 Ind. 199, 267 N.E.2d 538 (1971), to require the State to raise the defense of waiver at the hearing. The court concluded that, because the defense was not raised at the hearing, the State did not preserve the defense in the post-conviction court, and the court could not entertain it.

We agree that the State was not entitled to affirmance on the basis of waiver, but conclude that the Court of Appeals was not barred from finding that Bunch had waived his sentencing issues. The term "waiver" has been applied to several different concepts. Here, we need to distinguish between waiver as an affirmative defense and a discretionary judicial doctrine that forecloses an issue on appeal. We think the latter is more properly described as "procedural default" or "forfeiture," but we acknowledge that it is often referred to as "waiver." Indiana Trial Rule 8(C) requires parties to plead some affirmative defenses, including "waiver," or forfeit them.[8] It also places the burden of proof at trial on the party required to plead the matter as an affirmative defense. In contrast to the "waiver" governed by Rule 8(C), there is also a doctrine of judicial administration whereby appellate courts may sua sponte find an issue foreclosed under a variety of circumstances in which a party has failed to take the necessary steps to preserve the issue. *See e.g., West v. State,* 755 N.E.2d 173, 184 (Ind. 2001) (where the defendant fails to make an offer to prove); *Flowers v. State,* 738 N.E.2d 1051, 1061 (Ind.2000) (where defendant fails to object to trial judge's comments); *Trueblood v. State,* 715 N.E.2d 1242, 1248 (Ind.1999) (in post-conviction proceedings where claims are available on direct appeal but are not presented to the court); *Kindred v. State,* 540 N.E.2d 1161,

consideration of the victim's death (a charge of which he was acquitted), his prior criminal history, his need of correctional rehabilitation, and the depreciation of the seriousness of the crime by imposing a lesser sentence.

**6.** The Court of Appeals ultimately held that although the sentencing court improperly considered two aggravators when it enhanced Bunch's sentence, it properly considered three aggravators and did not err in failing to find Bunch's proffered mitigators. *Bunch,* 760 N.E.2d at 1170–71.

**7.** Without giving citations to the record, the State contends that the sentencing issues

were known at the time of Bunch's direct appeal and original post-conviction proceeding because they were "based on the face of the record of proceedings."

**8.** Trial Rule 8(C) provides in pertinent part, "A responsive pleading shall set forth affirmatively and carry the burden of proving: . . . waiver. . . . A party required to affirmatively plead any matters, including matters formerly required to be pleaded affirmatively by reply, shall have the burden of proving such matters."

1176 (Ind.1989) (where defendant rejected the trial court's offer to admonish the jury). This case deals with the procedural default variety of waiver, which arises solely by reason of failure to raise the issue on direct appeal. There is no claim of consensual action, stipulation that eliminated the issue, or some other form of "waiver" that requires proof of the actions taken by a party that operate to bar it from asserting a claim.

### A. *Waiver as an Affirmative Defense*

 We agree with the Court of Appeals that the affirmative defense of waiver must be raised at the post-conviction hearing to be properly preserved for appeal. The Court of Appeals relied principally on *Langley*, 256 Ind. at 199, 267 N.E.2d at 538, for its conclusion that waiver must be raised at the post-conviction hearing to be properly preserved. *Langley* held that the State must raise the issue at the hearing: "[I]t would seem that the state is precluded from asserting waiver on appeal where they made no mention concerning it at the hearing." *Id.* at 207 n. 2, 267 N.E.2d at 543 n. 2. Although the State was the appellee, the court considered the issue precluded "on the same basis that an appellant is normally denied the right to raise an issue for the first time on appeal." *Id. Langley* also declared, "Where, however, the state, as it did in this case, chooses to meet a petitioner's allegations on their merits at the hearing, we must do likewise on appeal." *Id.* at 207, 267 N.E.2d at 542–43. Relying on *Langley*, the Court of Appeals in this case concluded that the "key factor in preserving waiver for appeal is that the issue be argued to the post-conviction court." *Bunch*, 760 N.E.2d at 1167. Similarly, *Mickens v. State*, 596 N.E.2d 1379, 1381 (Ind.1992), interpreted *Langley* to require that the waiver defense be "presented" by the State to the post-conviction court be-

fore that court can find waiver. *See also State v. Eubanks*, 729 N.E.2d 201, 205 (Ind.Ct.App.2000), *trans. denied* (State must "argue" waiver as a defense to the post-conviction court or the defense is waived); *Nelson v. Gurley*, 673 N.E.2d 497, 500 n. 3 (Ind.Ct.App.1996) (Waiver "must be specifically pleaded in the answer or specifically raised at trial or it is waived.").

*Langley* involved two consolidated cases in which post-conviction relief had been denied. The rules governing post-conviction relief were adopted in 1969 and the current Trial Rules became effective in 1970. *Langley* was decided by this Court in March 1971. It is not clear whether the Court regarded the Trial Rules as applicable to the post-conviction proceedings before it. In any event, it is now clear that the Trial Rules apply to post-conviction relief proceedings. Ind. Post Conviction Rule 1(5) ("All rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties, except [in cases involving a change of judge request]."); *State v. Drysdale*, 677 N.E.2d 593, 595 (Ind.Ct.App. 1997), *trans. denied* ("Post-conviction proceedings are governed by the rules and statutes applicable to civil proceedings and the petitioner has the burden of proving his claims by a preponderance of the evidence.").

Under current Trial Rule 8(C), the State must raise the issue in its pleading and carry its burden of proof at trial in order to prevail on an affirmative defense. *See Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000). Failure to plead the defense waives it. Having pleaded the defense, as the State did here, it remained the State's burden to establish the necessary facts to support the defense.

Here, at the post-conviction hearing, although the State did not abandon the defense, it took no steps to call it to the post-conviction court's attention. More importantly, the State did not present the facts necessary to establish this defense either by evidence or by requesting judicial notice of the issues presented in Bunch's direct appeal. These facts were readily available to the State. Simply offering into evidence Bunch's appellate brief would establish that the sentencing issue was not raised on direct appeal. As a result of this omission, the State failed to establish the facts necessary to carry its burden of proof on this defense. The State therefore is not entitled as a matter of right to a ruling that Bunch has waived his claim of sentencing error.

### B. Waiver by Procedural Default

■ Although the State failed to establish an affirmative defense, a court on appeal may nevertheless find that the sentencing issue presented in a second post-conviction petition was forfeited by means of procedural default. More generally, although a party who has failed to plead or prove a Rule 8(C) affirmative defense has no right to prevail on that basis, the party may nevertheless suggest to the court that procedural default of an issue is an appropriate basis to affirm the judgment below. To the extent *Langley* and its progeny suggest otherwise, they are overruled. As noted above, an appellate court is not precluded from determining that an issue is foreclosed under a wide variety of circumstances. Post-conviction procedures provide defendants the opportunity to raise issues that were not known at the time of the original trial or were not available to defendants on direct appeal. *Lowery v. State,* 640 N.E.2d 1031, 1036 (Ind.1994). It has long been held that claims available on direct appeal but not presented are not available for post-conviction review. *True-*

*blood,* 715 N.E.2d at 1248; *Conner v. State,* 711 N.E.2d 1238, 1246 (Ind.1999); *Rouster,* 705 N.E.2d at 1003; *Lowery,* 640 N.E.2d at 1036. These are applications of the basic principle that post-conviction proceedings do not afford the opportunity for a super-appeal. *Wrinkles v. State,* 749 N.E.2d 1179, 1187 (Ind.2001).

■ Here it is clear that Bunch seeks to raise an issue that was available on direct appeal. The parties' briefs on direct appeal and in the first post-conviction relief appeal are matters of public record subject to judicial notice. *See, e.g., Willner v. State,* 602 N.E.2d 507, 509 (Ind.1992); *Roeschlein v. Thomas,* 258 Ind. 16, 20, 280 N.E.2d 581, 584 (1972). Our review of Bunch's brief reveals that Bunch did not raise the aggravating and mitigating sentencing issue on direct appeal. Because the "waiver" the State asserts is of the procedural default variety, it may be raised by an appellate court sua sponte. We conclude that Bunch, by failing to present this claim on direct appeal, is foreclosed from raising it in the post-conviction proceeding.

■ For the first time in his second post-conviction relief appeal, Bunch contends in his appellate reply brief that "the errors committed by the trial court as a result of the consideration of improper aggravating factors constituted fundamental error, and therefore, can not be waived." Fundamental error is a doctrine that prevents review of an issue on appeal despite failure to raise it in the trial court. It does not permit relitigation of issues that were available on direct appeal. Rather, as we held in *Sanders v. State,* 765 N.E.2d 591, 592 (Ind.2002): "In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably

unavailable at the time of trial or direct appeal."

Finally, Bunch contends for the first time in his reply brief on appeal in this second post-conviction proceeding that his failure to raise the trial court's sentencing errors was the result of ineffective assistance of counsel. Among the claims Bunch seeks to assert, this is the only one that is available in post-conviction proceedings. However, it was waived in this appeal by Bunch's failure to present it in his appellate brief.

### Conclusion

We affirm the Court of Appeals' conclusion that the State failed to preserve the defense of waiver by not establishing the facts relevant to the defense at the post-conviction relief hearing. We conclude, however, that an appellate court is free to find the issue foreclosed for failure to present it on direct appeal. We find the issue foreclosed and therefore affirm the trial court's denial of post-conviction relief. Pursuant to Indiana Appellate Rule 58(A)(2), we summarily affirm all other issues.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.