Jackie D. TAYLOR, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 03A01–0203–PC–99.

Court of Appeals of Indiana.

Dec. 30, 2002.

Rehearing Denied Feb. 5, 2003.

Susan K. Carpenter, Public Defender of Indiana, Linda K. Hughes, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Jackie D. Taylor, appeals the denial of his petition for post-conviction relief. Taylor challenges the post-conviction court's determination that his sentence was proper. Finding that Taylor has not properly preserved this issue, we affirm.

The record reveals that on June 28, 1996, Taylor pleaded guilty to one count of burglary as a Class B felony,[1] and admitted to being an habitual offender.[2] On September 18, 1996, the trial court sentenced Taylor to twenty years imprisonment on the burglary count which it enhanced by thirty years as a result of Taylor's status as an habitual offender. Over two years later, on November 4, 1998, Taylor filed a pro se petition for post-conviction relief. The State filed answers to Taylor's petition on November 12, 1998, and December 8, 1998, both of which listed waiver as an affirmative defense. On August 30, 2001, Taylor, rep-

---

1. Ind.Code § 35–43–2–1 (Burns Code Ed. Supp.2002).

2. Ind.Code § 35–50–2–8 (Burns Code Ed. Supp.2002).

resented by counsel, filed an amended petition for post-conviction relief.

A post-conviction hearing was held on October 31, 2001. Following the post-conviction hearing, both Taylor and the State submitted proposed findings of fact and conclusions of law. On January 22, 2002, the post-conviction court issued an order containing findings of fact and conclusions of law which denied Taylor's petition for post-conviction relief. Taylor filed a notice of appeal on February 19, 2002.

Upon appeal, the State claims that Taylor has waived any challenge to the propriety of his sentence by failing to raise the issue upon direct appeal. Although a defendant who pleads guilty may not challenge his conviction by direct appeal, such a defendant is entitled to contest upon direct appeal the merits of a trial court's sentencing discretion where the court has exercised such discretion. *Tumulty v. State*, 666 N.E.2d 394, 395–96 (Ind.1996). Also, it is well settled that, as a general rule, issues that were or could have been raised upon direct appeal are not available in post-conviction proceedings, as post-conviction is not a "super appeal." *Woods v. State*, 701 N.E.2d 1208, 1213 (Ind.1998), *cert. denied* 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999). *See also* Ind. Post–Conviction Rule 1(1)(b) (providing that post-conviction is not a substitute for a direct appeal). Thus, the State argues that Taylor had the right to appeal his sentence by direct appeal and that failure to do so results in waiver of the issue for purposes of post-conviction relief.

Taylor's response is twofold. He claims that it is proper to present a sentencing claim upon post-conviction. He also claims that the State has itself waived the affirmative defense of waiver by failing to present it to the post-conviction court. Here, although the State listed waiver as an affirmative defense in its answers to Taylor's petition for post-conviction relief, our review of the record reveals that it did not actually argue waiver to the post-conviction court. Nor did the State present this issue in its proposed findings of fact and conclusions of law. It would thus appear that the State abandoned the defense of waiver and instead argued the case on its merits, and the post-conviction court decided the case upon the merits.

Our Supreme Court has recently addressed such a situation in *Bunch v. State*, 778 N.E.2d 1285 (Ind.2002). In *Bunch*, the defendant had not raised the issue of the propriety of his sentence upon either direct appeal or his initial petition for post-conviction relief. Bunch then filed a successive petition for post-conviction relief, arguing that the trial court had improperly weighed the aggravating and mitigating circumstances in sentencing him to fifty years incarceration. In its response to Bunch's petition, the State asserted the affirmative defenses of waiver, res judicata, and laches. At the post-conviction hearing, the State argued the merits of Bunch's claim, and the post-conviction court denied Bunch's petition without ruling on the issue of waiver. Upon appeal, a panel of this court affirmed the post-conviction court's decision upon the merits, holding that because the State had failed to argue the affirmative defense of waiver at the post-conviction hearing, it could not raise the issue of waiver upon appeal. *See Bunch v. State*, 760 N.E.2d 1163, 1168 (Ind.Ct.App.2002), *trans. granted.*

Our Supreme Court granted transfer and distinguished between two concepts, both of which have been referred to as "waiver." According to the Court, the first type of "waiver" is that found in Indiana Trial Rule 8(C), which requires a party to plead certain affirmative defenses, including waiver, or forfeit them. *Bunch,*

778 N.E.2d at 1287. The party asserting such defenses also bears the burden of proof at trial. *Id.* In contrast, the Court stated that the other type of "waiver" is a "doctrine of judicial administration whereby appellate courts may sua sponte find an issue foreclosed under a variety of circumstances in which a party has failed to take the necessary steps to preserve the issue." *Id.* The Court stated that this latter type of "waiver" is more properly referred to as "procedural default" or "forfeiture." *Id.* In *Bunch,* the Court stated that the type of waiver before them was of the "procedural default" variety. *Id.* at 1288. The Court noted that, in the case before them, the State had failed to call the affirmative defense of waiver to the attention of the trial court and did not present the facts necessary to establish such a defense either by evidence or requesting judicial notice of the issues presented in Bunch's appeal. *Id.* at 1289. Because of this, the Court held that the State was not "entitled as a matter of right to a ruling that Bunch had waived his claim of sentencing error." *Id.* Nevertheless, the Court also held that an appellate court may find that a petitioner has been procedurally defaulted for failing to properly preserve the issue. *Id.* Even though a party has failed to plead or prove a Rule 8(C) defense of waiver, that party may still "suggest" to the appellate court that procedural default of an issue is the appropriate way to affirm the lower court's judgment.[3] *Bunch,* 778 N.E.2d at 1289. The Court concluded that "Bunch, by failing to present this claim [of sentenc-

ing error] upon direct appeal, is foreclosed from raising it in the post-conviction proceeding."[4] *Id.* at 1289.

■ It is clear from this holding that where an issue has not been properly preserved for review, an appellate court may decline to address such an issue whether or not the State has properly pleaded or proved the affirmative defense of waiver. Therefore, we must determine whether Taylor has properly presented his claim of sentencing error.

■ Taylor claims that the issue of the propriety of his sentence is properly presented in a petition for post-conviction relief, citing *Lambert v. State,* 743 N.E.2d 719 (Ind.2001), *cert. denied* 534 U.S. 1136, 122 S.Ct. 1082, 151 L.Ed.2d 982 (2002), *Jones v. State,* 675 N.E.2d 1084 (Ind.1996), and *Reffett v. State,* 571 N.E.2d 1227 (Ind. 1991).

*Jones* is readily distinguishable from the present case, as that case was a direct appeal of a guilty plea in which the court addressed the merits of the defendant's sentencing claim; it was not an appeal from a denial of post-conviction relief. *Jones,* 675 N.E.2d at 1086–87. *Lambert* was before our Supreme Court upon an appeal of a denial of post-conviction relief. 743 N.E.2d at 725. However, we find no support for Taylor's position in *Lambert,* where the defendant attacked our Supreme Court's authority to reweigh aggravating and mitigating circumstances when it affirmed the sentence upon his earlier direct appeal.[5] *Id.* at 726.

---

3. In effect, if the State has failed to plead or prove the affirmative defense of waiver, it may nevertheless request that the court do what the State itself failed to do, i.e. establish that the petitioner failed to present the issue in question upon direct appeal. If such is pleaded and established by the State, it is deemed to be the affirmative defense of waiver; if such is recognized by the court upon appeal, it is deemed a procedural default.

4. The *Bunch* Court affirmed the Court of Appeals' conclusion that the State failed to preserve the affirmative defense of waiver, and summarily affirmed the Court of Appeals upon all other issues. *Id.* at 1290.

5. Lambert also claimed several other errors, including: failure of the post-conviction court judge to disqualify himself; ineffective assistance of trial counsel; ineffective assistance of

In *Reffett*, the defendant agreed to plead guilty to driving while intoxicated as a Class D felony, and the State recommended that the imposed sentence be served concurrently with a previously-imposed sentence in another county. The trial court accepted the plea, but postponed sentencing until a pre-sentence investigation report had been prepared. When the pre-sentence investigation report revealed a long history of prior convictions for public intoxication and driving while intoxicated, the trial court rescinded his prior acceptance and entered a plea of not guilty. Reffett eventually struck another deal with the State in which his sentence would run consecutively to the previously-imposed sentence. Thereafter, Reffett filed a motion to correct erroneous sentence, pursuant to Indiana Code § 35–38–1–15 (Burns Code Ed. Repl.1998), in which he claimed that he should have been sentenced according to the original plea agreement accepted by the trial court. The trial court denied the motion, this court affirmed the trial court, and our Supreme Court granted transfer. *See Reffett v. State,* 557 N.E.2d 1068 (Ind.Ct.App.1990), *trans. granted.*

Upon transfer, the State argued that Reffett's appeal from the denial of his motion to correct an erroneous sentence was not a proper method of attacking the propriety of his sentence. The Court wrote:

"Indiana Code § 35–38–1–15 (West 1986) permits a defendant to file a motion to correct sentence so long as it is in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence. Reffett's motion met these requirements.

Although this Court has repeatedly advised that a petition for post-conviction relief is the 'preferred procedure,' we have been reluctant to reject appeals from denial of a motion to correct sentence on such technical grounds. In *Thompson v. State* [270 Ind. 677, 389 N.E.2d 274 (1979)] we explained that a petition for post-conviction relief was preferred because it 'serves the substantial purpose of "finally closing the door to post-conviction remedies." ' 389 N.E.2d at 276 (quoting *Owen v. State* (1975) 167 Ind.App. 258, 263, 338 N.E.2d 715, 718). By preferring one procedure but permitting both, this Court tries to encourage conservation of judicial time and energy while at the same time affording speedy and efficient justice to those convicted of a crime. *See generally id.* at 276–77. In *Jones v. State* [544 N.E.2d 492 (Ind.1989)] we held that a motion to correct sentence is appropriate where the sentence is erroneous on its face, and that facial error occurs when the sentence violates express statutory authority. 544 N.E.2d at 496. If a sentence that violates express statutory authority is facially erroneous, a sentence that violates the express terms of a plea agreement is also facially erroneous, and may be attacked by a motion to correct erroneous sentence." *Reffett,* 571 N.E.2d at 1228–29 (footnote omitted).

Although the *Reffett* Court referred to post-conviction as the "preferred procedure" to attack an erroneous sentence, this was done in the context of preferring post-conviction to a statutory motion to correct an erroneous sentence.[6]

appellate counsel; several errors with the State's use of a certain witness at trial; and various other free-standing claims of trial court error which our Supreme Court refused

to address upon an appeal from denial of post-conviction relief. *Id.* at 727–51.

**6.** The other cases to which Taylor cites also involved motions to correct erroneous sen-

We recognize that *Reffett* and other cases suggest that post-conviction procedures are a proper method of addressing sentencing errors. *See also* Ind. Post-Conviction Rule 1(1)(a)(3). Be that as it may, we simply cannot ignore the fact that, in the case before us, Taylor makes no claim that he was somehow unable to file a direct appeal. Rule 7(A) of the Indiana Rules of Appellate Procedure clearly states that "a defendant in a Criminal Appeal may appeal the defendant's sentence." *See also Tumulty*, 666 N.E.2d at 395–96. Applying the holding of *Bunch, supra*, to the case before us, we conclude that Taylor has forfeited his claim of sentencing error by failing to present it upon direct appeal, when such could have been so presented. Taylor admits that he filed no direct appeal, and we can discern no difference between this situation and one in which a defendant does file a direct appeal, but fails to present an issue to the court. The fact remains that the sentencing issue *could have been* presented upon direct appeal but was not. Thus, this issue is not available to Taylor upon a petition for post-conviction relief. *See Woods*, 701 N.E.2d at 1213.

█ Taylor also contends that, because trial courts are not required to advise criminal defendants who plead guilty of their right to appeal their sentence, it would be improper to impose the doctrine of "waiver" upon them if they fail to exercise their right to appeal the trial court's

sentencing discretion. *See* Ind.Code § 35–35–1–2 (Burns Code Ed. Repl.1998) (right to appeal sentence not among those rights of which trial court is required to inform defendant before accepting guilty plea); *Garcia v. State*, 466 N.E.2d 33, 34 (Ind. 1984) (refusing to require trial courts to advise those who plead guilty that they can appeal sentence). Even if we were to agree with Taylor's argument, Taylor admits that the trial court did advise him of his right to appeal his sentence.[7]

The judgment of the post-conviction court is affirmed.

BAILEY, J., and MATHIAS, J., concur.

---

tence. *See Jones v. State*, 544 N.E.2d 492, 495 (Ind.1989); *Griffin v. State*, 540 N.E.2d 1187, 1188 (Ind.1989); *Gee v. State*, 508 N.E.2d 787, 788 (Ind.1987); *Thompson v. State*, 270 Ind. 677, 678, 389 N.E.2d 274, 275 (1979); *Everroad v. State*, 730 N.E.2d 222, 224 (Ind.Ct.App.2000); *Funk v. State*, 714 N.E.2d 746, 747 (Ind.Ct.App.1999), *trans. denied; Browning v. State*, 576 N.E.2d 1315, 1317 (Ind.Ct.App.1991).

7. Taylor claims that any conclusion that his claim has been procedurally defaulted would violate his rights to equal protection. However, this position is unsupported by any argument or citation to authority, and we therefore decline to address this issue. *See* Ind. Appellate Rule 46A(8)(a).