## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2015, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| William R. Groth<br>David R. Vlink<br>Fillenwarth Dennerline Groth & Towe, LLP<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Abigail R. Recker<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Moss,<br>*Appellant-Respondent,*<br><br>v.<br><br>Indianapolis Department of Natural Resources,<br>*Appellee-Petitioner.* | September 30, 2015<br><br>Court of Appeals Cause No. 49A02-1501-PL-7<br><br>Appeal from the Marion Circuit Court<br><br>The Honorable Louis F. Rosenberg, Judge<br><br>Trial Court Cause No. 49C01-1405-PL-17919 |

**Barnes, Judge.**

David Moss and the Indiana Department of Natural Resources ("DNR") both petition for rehearing following our memorandum decision in *Moss v. Indiana Department of Natural Resources*, No. 49A02-1501-PL-7 (Ind. Ct. App. July 9, 2015). We grant rehearing for the limited purpose of addressing DNR's argument regarding waiver but affirm our decision in all regards.

In our decision, we concluded that, based on the limited record before us, it was not clear whether the issues raised by DNR in its petition for judicial review were first raised to the NRC so as to preserve them for judicial review pursuant to Indiana Code Section 4-21.5-5-10. In its petition for rehearing, DNR contends that we improperly addressed this issue because it was not raised by either party. In making this argument, DNR appears to confuse the concepts of waiver as an affirmative defense and waiver as procedural default or forfeiture. The former places the burden of proof on the party required to plead the matter. *See Bunch v. State*, 778 N.E.2d 1285, 1287 (Ind. 2002). The later, however, is "a discretionary judicial doctrine that forecloses an issue on appeal." *Id.* Procedural default or forfeiture is "a doctrine of judicial administration whereby appellate courts may sua sponte find an issue foreclosed under a variety of circumstances in which a party has failed to take the necessary steps to preserve the issue." *Id.*

It is the procedural default or forfeiture concept of waiver that is relevant to our decision and available to us sua sponte. As we explained in our decision, "a party may only obtain judicial review of issues that were raised before the administrative agency and preserved for review." *Moss*, No. 49A02-1501-PL-7,

slip op. at 8 (citing *Dev. Servs. Alternatives, Inc. v. Indiana Family & Soc. Servs. Admin.*, 915 N.E.2d 169, 178 (Ind. Ct. App. 2009)).

[4] We described the statutory requirement and policy reasons for requiring a party to raise an issue to an administrative agency first, and these policy reasons come into play here. After Moss's termination, an ALJ conducted a full evidentiary hearing, and DNR challenged the ALJ's decision to the NRC, which conducted a quasi-appellate review of the ALJ's decision. As a matter of judicial economy, DNR should not be permitted to raise issues in its petition for judicial review that were not raised to and addressed by the NRC in the administrative proceedings.

[5] We also decline the parties' requests to supplement the appellate record and decide the case on the merits because the trial court, which remanded the case to the NRC based on its conclusion that NRC failed to properly identify the "just cause" standard, has yet to address the merits of DNR's petition. Accordingly, remand is appropriate so that the trial court can consider any properly preserved issues and make the necessary findings. *See* Ind. Code § 4-21.5-5-14 (c) (requiring a trial court in a judicial review proceeding to "make findings of fact on each material issue on which the court's decision is based"); *Regester v. Indiana State Bd. of Nursing*, 703 N.E.2d 147, 151 (Ind. 1998) (observing that "judicial review findings must be adequate to demonstrate that the court has undertaken to assess the claims for judicial relief that are before it."). We affirm our decision in all regards.

Bailey, J., concurs.

Riley, J., would deny petition for Rehearing.