## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 30 2016, 7:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Terry Fennessee, Pro-Se
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry Fennessee,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

June 30, 2016

Court of Appeals Case No.
71A04-1503-PC-134

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause No.
71D01-1003-PC-17

**Bailey, Judge.**

# Case Summary

Pro-se Appellant-Petitioner Terry Fennessee ("Fennessee") appeals the denial of his petition for post-conviction relief, which challenged his conviction for Attempted Murder.[1]  We affirm.

# Issues

Fennessee presents two issues for review:

> I.    Whether judicial bias denied him a fair post-conviction proceeding;[2] and
>
> II.    Whether he was denied the effective assistance of trial and appellate counsel.

# Facts and Procedural History

On direct appeal, a panel of this Court recited the relevant facts as follows:

---

[1] Ind. Code §§ 35-41-5-1, 35-42-1-1.

[2] To the extent that Fennessee also claims he was denied a fair hearing by an impartial judge at his trial, we do not address this contention, which could have been raised on direct appeal.  The post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions.  *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006).  The purpose of a petition for post-conviction relief is to provide petitioners the opportunity to raise issues not known or available at the time of the original trial or direct appeal.  *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007).  If an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed.  *Id.*  If an issue was raised and decided on direct appeal, it is res judicata.  *Id.*  Moreover, collateral challenges to convictions must be based upon grounds enumerated in the post-conviction rule.  *Shanabarger v. State*, 846 N.E.2d 702, 707 (Ind. Ct. App. 2006), *trans. denied*; *see also* Post-Conviction Rule 1(1).  To the extent that Fennessee attempts to raise free-standing issues arising from his trial, they are not properly addressed through post-conviction proceedings.  *Bunch v. State*, 778 N.E.2d 1285, 1289 (Ind. 2002).

Fennessee married Tasha Townsend in 2002, and, in early 2007, Townsend filed for divorce. In March 2007, Townsend obtained an ex parte protective order against Fennessee, which barred him from Townsend's residence. Fennessee was not personally served with the protective order, but a copy of the order was left at his residence.

On April 15, 2007, Timothy Watson, who has a fourteen-year-old daughter with Townsend, was visiting Townsend and their daughter at Townsend's apartment. Watson's two other children and a young relative accompanied him. At approximately 10:00 p.m., Townsend was walking Watson and the children out of her apartment building when they found Fennessee standing outside. Townsend reminded Fennessee about the protective order, but he did not leave. Watson walked toward his car to try to leave, but Fennessee kept talking to Watson, asking him whether he had been "messing around" with Townsend. Watson said no, and he turned his back to Fennessee to leave. Fennessee then shot Watson several times in the back. After that, Fennessee walked over to Watson and shot him in the back of his head. Watson survived his injuries.

The State charged Fennessee with attempted murder, and a jury found him guilty as charged. The trial court entered judgment accordingly and sentenced Fennessee to forty years.

*Fennessee v. State*, No. 71A03-0903-CR-97, slip op. at 1 (Ind. Ct. App. June 30, 2009).

[4] On direct appeal, Fennessee challenged the admission into evidence of the protective order against him, and alleged that the trial court had abused its discretion in permitting the State to question him regarding prior threats against a witness. *See id.* Fennessee's conviction was affirmed. *Id.*

On March 15, 2010, Fennessee filed a petition for post-conviction relief, which was later amended. On August 22, 2014, and on January 9, 2015, the post-conviction court conducted evidentiary hearings. On February 25, 2015, the post-conviction court issued its findings of fact, conclusions of law, and order denying Fennessee post-conviction relief. He now appeals.

# Discussion and Decision

## Standard of Review

Post-conviction proceedings are not "super appeals"; rather, they afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Wilkes v. State*, 984 N.E.2d 1236, 1240 (Ind. 2013). Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. *Id.* We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to its conclusions of law. *State v. Hollin*, 970 N.E.2d 147, 151 (Ind. 2012). We may not reweigh the evidence or assess the credibility of the witnesses. *Id.* at 150.

## Procedural Due Process

Fennessee contends that the post-conviction court exhibited "plain and overt" bias against him, such that he was denied due process of law, specifically, a fair proceeding before a neutral fact-finder. Appellant's Br. at 4. According to Fennessee, the post-conviction court knowingly issued false findings of fact in

the post-conviction order and subsequently hindered Fennessee's appeal by claiming that his Notice of Appeal was untimely.

[8] In effect, Fennessee argues that the post-conviction judge demonstrated her bias in the post-conviction proceedings because she had entered adverse rulings at trial, and then she entered factual findings contrary to Fennessee's post-conviction evidence or legal argument. Yet an adverse ruling is not sufficient to show bias or prejudice. *Flowers v. State*, 738 N.E.2d 1051, 1060 n.4 (Ind. 2000). Instead, a party "must show that the trial judge's action or demeanor crossed the barrier of impartiality and prejudiced" his case. *Id.* No such showing has been made in this case.

[9] Fennessee's claim that the post-conviction court hindered his appeal arises from the initial finding by the post-conviction judge that Fennessee's Notice of Appeal was untimely, four days outside the thirty-day limit. Fennessee filed a motion to reinstate his Notice of Appeal, requesting application of the prison mailbox rule. The motion was not granted and, with counsel's assistance, Fennessee sought and obtained an order from this Court. Although there may have been some initial confusion, Fennessee's Notice of Appeal was ultimately accepted and his appeal was perfected.[3] Thus, he was not denied his right to

---

[3] On November 20, 2015, this Court issued an order clarifying that Fennessee had thirty days from February 25, 2015, or until March 27, 2015, to file his Notice of Appeal. (App. at 64.) He had reportedly given the Notice of Appeal to prison officials on March 23, 2015. The certificate of service was dated March 19, 2015. The Clerk of the Court filed the Notice of Appeal on March 27, 2015. Finding any of those dates to be timely, this Court granted, in part, Fennessee's "Verified Motion to Reinstate Notice of Appeal as Timely Filed, Pursuant to Prison Mailbox Rule." (App. at 64.)

appeal due to any mistake or other conduct on the part of the post-conviction judge. Moreover, the adverse post-conviction judgment is not evidence of bias on the part of the post-conviction court.

[10] Fennessee has not demonstrated that he was denied due process in the post-conviction proceedings.

## Assistance of Trial Counsel

[11] Fennessee claims that his trial counsel was ineffective for failing to more vigorously pursue Fennessee's defense of self-defense. According to Fennessee, trial counsel should have obtained more accurate documents to evidence Watson's violent past and should have elicited additional testimony from Fennessee. Specifically, Fennessee claims that his trial attorney should have elicited testimony from Fennessee to the effect that Watson had threatened him by saying: "Just got out a couple of weeks ago for shooting a Bitch-ass N----- like you." Appellant's Br. at 19.

[12] We evaluate Sixth Amendment claims of ineffective assistance of counsel under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 698 (1984). To succeed on a claim of ineffective assistance of counsel, a petitioner must show not only that his trial counsel's representation fell below an objective standard of reasonableness, but also that counsel's errors were so serious as to deprive him of a fair trial because of a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002), *cert. denied*. A reasonable probability is

a probability sufficient to undermine confidence in the outcome. *Id.* There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.*

[13] A valid claim of self-defense is a legal justification for an act that is otherwise defined as criminal. *Pinkston v. State*, 821 N.E.2d 830, 842 (Ind. Ct. App. 2004). A self-defense claim is established upon showing: that the actor was in a place where he had a right to be, he did not provoke, instigate, or participate willingly in the violence, and he had a reasonable fear of death or great bodily harm. *Hood v. State*, 877 N.E.2d 492, 497 (Ind. Ct. App. 2007).

[14] In furtherance of his claim of self-defense, Fennessee testified at trial that Watson was the bigger man, Watson had threatened to "f--- up" and to kill Fennessee, Watson had claimed that he could kill Fennessee and get away with it because of the protective order Fennessee's wife had obtained, Watson had shot someone in the State of Tennessee, Watson had pushed a woman down in a dispute over a dog, federal marshals had raided Fennessee's residence looking for Watson on drug and firearms charges, Watson was known to promote animal fighting, and he had committed "break-ins" and robberies. (Tr. at 422-494.)

[15] The post-conviction court concluded that, had the jury been told of one additional threat, the incremental information would not likely have produced a different outcome. We agree with this assessment of the evidence. Moreover, had the jury been convinced that Fennessee reasonably feared Watson, this is

not the end of the matter. Fennessee was in a place where he had no right to be. He was prohibited by a protective order from being at his wife's residence. Moreover, he fired five shots into Watson, one to Watson's head as he lay on the sidewalk. It is well-settled that firing multiple shots undercuts a claim of self-defense. *Randolph v. State*, 755 N.E.2d 572, 575 (Ind. 2001). Trial counsel was not ineffective in failing to produce additional evidence of Watson's conduct or criminal history.

[16] Fennessee also claims that his trial counsel was ineffective for failing to object when the trial court modified a tendered instruction on aggravated battery by changing the phrase "must find the defendant guilty" to "shall find the defendant guilty." (Tr. at 530.) Fennessee does not provide relevant authority and cogent argument to support the claim that the instruction was erroneous. However, the two prongs of the *Strickland* are separate and independent inquiries. *Strickland*, 466 U.S. at 697. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed." *Id.* Here, assuming that an incorrect instruction on aggravated battery was given, Fennessee suffered no prejudice. He was not convicted of aggravated battery.

## Assistance of Appellate Counsel

[17] A defendant is entitled to the effective assistance of appellate counsel. *Stevens*, 770 N.E.2d at 760. The two-pronged standard for evaluating the assistance of trial counsel first enunciated in *Strickland* is applicable to appellate counsel

ineffective assistance claims. *Bieghler v. State*, 690 N.E.2d 188, 192 (Ind. 1997). There are three basic categories of alleged appellate ineffectiveness: (1) denying access to an appeal, (2) waiver of issues, and (3) failure to present issues well. *Id.* at 193-95. The second category is implicated, as Fennessee argues that his appellate counsel failed to raise an obvious issue: the allegedly erroneous aggravated battery instruction. As previously observed, Fennessee was not convicted of aggravated battery. Accordingly, there was no reason for appellate counsel to raise an issue regarding an aggravated battery instruction.

## Conclusion

[18] Fennessee has not demonstrated that he was denied a fair post-conviction proceeding. Nor has he demonstrated that he was denied the effective assistance of trial or appellate counsel.

[19] Affirmed.

Bradford, J., and Altice, J., concur.