## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 24 2017, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

David E. Lyons
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David E. Lyons,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 24, 2017<br><br>Court of Appeals Case No.<br>76A03-1609-PC-2180<br><br>Appeal from the Steuben Circuit Court<br><br>The Honorable Allen N. Wheat, Judge<br><br>Trial Court Cause No.<br>76C01-1305-PC-4 |

**Vaidik, Chief Judge.**

[1]     David E. Lyons was convicted of five counts of Class A felony child molesting, and the trial court sentenced him to 150 years. We affirmed his convictions on

direct appeal. *Lyons v. State*, 976 N.E.2d 137 (Ind. Ct. App. 2012). Lyons, pro se, later sought post-conviction relief, and the post-conviction court issued an order denying him relief. He now appeals.

[2] Lyons's arguments in his brief are deficient in several respects. For example, he raises freestanding claims that were available to him on direct appeal: prosecutorial misconduct and a due-process violation based on the court reporter allegedly providing an inaccurate transcript of his jury trial. By failing to present these claims on direct appeal, Lyons is foreclosed from raising them on post-conviction. *See Bunch v. State*, 778 N.E.2d 1285, 1289 (Ind. 2002). But the more fundamental problem is that Lyons has not supported **any** of his arguments with citations to the record as required by Indiana Appellate Rule 46(A)(8)(a). For example, Lyons's first claim of error is that "Trial Attorney failed to make timely objections to prosecutor's closing arguments." Appellant's Br. p. 24. But Lyons does not direct us to the portion of the record where his attorney should have objected, choosing instead to send us on a wild-goose chase to pinpoint his trial counsel's alleged failure to object. This failure to cite the record applies to all of the arguments Lyons makes on appeal. *See id.* at 24-27. And this failure is particularly egregious given that Lyons's statement of the facts in his brief is one-sentence long. *See id.* at 23 ("There was a trial, an appeal, a PCR, and now, another appeal."). Because we will not search the record to find a basis for a party's argument, *Thomas v. State*, 965 N.E.2d 70, 77

n.2 (Ind. Ct. App. 2012), *trans. denied*, we affirm the post-conviction court's denial of relief.[1]

[3]    Affirmed.

Bailey, J., and Robb, J., concur.

---

[1] We note that Lyons, at the beginning of his appellant's brief, inserted a copy of his **proposed** findings of fact and conclusions of law that he filed with the post-conviction court. But Lyons does not tell us, in accordance with the relevant standard of review, how the post-conviction court erred in resolving the claims that he set forth in his proposed order.