**Manuel GARCIA, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

**No. 483S134.**

Supreme Court of Indiana.

July 31, 1984.

ny. Thereafter, petitioner was sentenced to a fourteen year term of imprisonment. He now raises the following issue in this petition:

1. Whether the trial court made a sufficient advisement of rights before accepting petitioner's guilty plea.

We first note that petitioner has the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief proceeding. Ind. R.P.C. 1, § 5; *Garringer v. State*, (1983) Ind., 455 N.E.2d 335. In our review of the denial of a petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Davis v. State*, (1983) Ind., 446 N.E.2d 1317; *Henson v. State*, (1979) 271 Ind. 325, 392 N.E.2d 478.

I.

Petitioner's sole contention here is that prior to accepting his guilty plea the trial judge erred in failing to advise him of the following: (1) that he still could appeal his sentence for severity reasons; (2) that he was waiving his right to have court-appointed counsel at trial and on appeal; and (3) that he was waiving his right to a direct appeal should his case have gone to trial. This contention is pure trumpery.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Manuel Garcia, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted of Delivery of a Controlled Substance, a Class B felo-

Before accepting a guilty plea, a trial judge is required by Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.) (repealed 1982) to advise a defendant of those rights enumerated in the statute. We simply note, and petitioner concedes, that none of the factors listed above is contained in the statute and that the trial judge in this case precisely followed the statute's requirements. Petitioner seems to imply that this Court now should require a trial judge to advise a defendant of those factors listed above in addition to those required by the statute. This we simply will not do.

For the foregoing reason, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.