**Kerrie PRICE, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 49S00–9802–CR–84.**

Supreme Court of Indiana.

March 16, 2000.

Ann M. Skinner, Marion County Public Defender Agency, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

The defendant-appellant, Kerrie Price, was convicted of dealing in cocaine, a class A felony;[1] possession of cocaine, a class C felony;[2] dealing in marijuana, a class D felony;[3] possession of marijuana, a class D felony;[4] dealing in cocaine, a class B felony;[5] and possession of cocaine, a class D felony.[6] After the jury returned the verdicts, the defendant pled guilty to a habitual offender charge.[7] At sentencing, the trial court found that the three possession charges were included within the related dealing charges and sentenced the defendant to 35 years for dealing in cocaine as a class A felony, 20 years for dealing in cocaine as a class B felony, and 3 years for dealing in marijuana as a class D felony, to be served consecutively. The trial court enhanced the sentence for the class A felony by 30 years based upon the habitual offender finding. The defendant appeals, claiming erroneous sentencing and errone-

---

1. IND.CODE § 35–48–4–1.

2. IND.CODE § 35–48–4–6.

3. IND.CODE § 35–48–4–10.

4. IND.CODE § 35–48–4–11.

5. IND CODE § 35–48–4–1.

6. IND.CODE § 35–48–4–6.

7. IND.CODE § 35–50–2–8.

ous exclusion of two eligible jurors based upon their age.

### Sentencing

The defendant claims that the trial court erroneously considered two improper aggravators and failed to state reasons for its decision to run the sentences consecutively. The defendant argues that, although the trial court did consider other aggravators, the weight of those aggravators would not support the enhancement and that the trial court would probably have sentenced the defendant differently if those improper aggravators were not considered. At sentencing, the trial court found the following six aggravators: (1) that the defendant was on probation at the time of the offense; (2) that the defendant had a history of criminal activity that includes violence; (3) that the defendant was in need of correctional or rehabilitative treatment that can best be provided in a penal facility; (4) that imposing a reduced sentence or suspending the sentence and imposing probation would depreciate the seriousness of the crime; (5) that the offense was "designed to affect the public and directed at the public at large"; and (6) that the offense "occurred in a neighborhood that is depressed." Record at 432.

■ Sentencing lies within the discretion of the trial court. *Battles v. State*, 688 N.E.2d 1230, 1235 (Ind.1997). We review trial court sentencing decisions only for abuse of discretion, including decisions to increase the presumptive sentence or to run sentences consecutively due to aggravating circumstances. *Trowbridge v. State*, 717 N.E.2d 138, 149 (Ind.1999).

■ The defendant first claims that the trial court erroneously considered the aggravator that imposition of a reduced sentence, suspension of the sentence, or probation would depreciate the seriousness of the crime. The defendant argues that this aggravator is only appropriate when the trial court is considering imposing a sentence lower than the presumptive sentence, which the defendant argues the trial court never did in this case. We have previously found it improper for a trial court to find as an aggravating factor that the imposition of a reduced sentence, suspension of the sentence, or probation would depreciate the seriousness of the crime. *Garrett v. State*, 714 N.E.2d 618, 622 (Ind.1999) (citing *Jones v. State*, 675 N.E.2d 1084, 1088 (Ind.1996)); *Sweeney v. State*, 704 N.E.2d 86, 109 (Ind.1998).

■ Second, the defendant claims that the trial court erred in finding that the defendant was in need of correctional treatment that would best be provided by a correctional facility. The defendant, citing *Battles v. State*, 688 N.E.2d 1230 (Ind. 1997), contends that the trial court failed to support this with a specific statement establishing the defendant's needs for the treatment. We agree that it is improper to impose an enhanced sentence based upon a finding, without providing a specific statement establishing the need, that the individual is in need of correctional or rehabilitative treatment that can best be provided in a penal facility.

■ However, the trial court did not base the sentence solely upon these two aggravators. Instead, the trial court based its decision upon six identified aggravators, only two of which were improper. We have frequently held that a single aggravating circumstance may be sufficient to support an enhanced sentence. *Garrett*, 714 N.E.2d at 623; *Barany v. State*, 658 N.E.2d 60, 67 (Ind.1995); *Sweany v. State*, 607 N.E.2d 387, 391 (Ind. 1993). If the trial court improperly applied an aggravator, but other valid aggravators exist, a sentence enhancement may still be upheld. *Garrett*, 714 N.E.2d at 623. *See also Gibson v. State*, 702 N.E.2d 707, 710 (Ind.1998) (citing *Blanche v. State*, 690 N.E.2d 709, 715 (Ind.1998)).

■ In this case, the trial court's sentencing decision was supported by its finding that the offense was committed while the defendant was on probation and that

the defendant had a lengthy criminal history, including violence. In light of the other valid aggravating circumstances, the trial court did not abuse its discretion in imposing an enhanced sentence.

The defendant also argues that the trial court failed to specify separate reasons for running the sentences consecutively, as required by *Lindsey v. State*, 485 N.E.2d 102, 108 (Ind.1985). Although enhancing a sentence and imposing consecutive sentences are separate and distinct decisions, they are governed by the same statutory aggravating circumstances. *Lindsey*, 485 N.E.2d at 108 (citing IND. CODE § 35–38–1–7(b)). The same factors may be used to enhance a presumptive sentence and to justify consecutive sentences. *Miller v. State*, 716 N.E.2d 367, 371 (Ind.1999). *See also Taylor v. State*, 710 N.E.2d 921, 925 (Ind.1999); *Reaves v. State*, 586 N.E.2d 847, 852 (Ind.1992). When a trial court imposes consecutive sentences even though not required to do so by statute, we examine the record to ensure that the court explained its reasons for selecting the sentence it imposed. *Archer v. State*, 689 N.E.2d 678, 683 (Ind. 1997). The trial court statement of reasons must include the following components: (1) identification of significant aggravating and mitigating circumstances; (2) specific facts supporting a finding of the aggravators and mitigators; and (3) some statement demonstrating that the trial court evaluated and balanced the mitigating and aggravating circumstances in determining the sentence. *Harris v. State*, 716 N.E.2d 406, 413 (Ind.1999); *Mitchem v. State*, 685 N.E.2d 671, 678 (Ind.1997); *Jones v. State*, 675 N.E.2d 1084, 1086 (Ind.1996).

In this case, the trial court found the defendant's prior criminal history and the fact that he was on parole at the time of the offense to be aggravating factors, and both are listed in Indiana Code section 35–38–1–7.1(b) permitting trial court consideration when evaluating whether to impose an enhanced sentence or consecutive sentences. The trial court also identified four other aggravators and two mitigators and referred to the facts upon which it based those findings. In addition, the trial court's statement demonstrates that it evaluated and balanced the aggravators and mitigators. We find no error in the trial court's sentence.

## Exclusion of Jurors

The defendant next claims that the State unconstitutionally excluded two jurors based solely upon their age. The defendant acknowledges that no state or federal case has recognized youth as a protected class, but asks this Court to find that such exclusion violates the Equal Protection Clause of the U.S. Constitution by denying rights to both the defendant and the prospective jurors.[8]

In this case, before the two potential jurors were questioned, the prosecutor notified the trial court that it intended to exercise its peremptory challenges. When the trial court asked the prosecutor to identify the reasons for the strikes, the prosecutor stated that he preferred not to have young people on the jury. The defendant objected based upon the issue of age, and the prosecutor responded that he was not required to provide any reason for using the peremptory challenges.

A party is generally not required to explain its reasons for exercising a peremptory challenge, and the exercise is not subject to the trial court's control. *Shields v. State*, 523 N.E.2d 411, 413 (Ind. 1988). Although there is a strong presumption that the prosecution uses its peremptory challenges to obtain a fair and

---

8. The defendant summarily alleges that the exclusion of these jurors also violates Article I, Section 23 of the Indiana Constitution, but presents no authority, reasoning, or argument to support his allegation. Accordingly, the Indiana constitutional claim is waived for failure to present a separate, cogent argument. Ind. Appellate Rule 8.3(A)(7); *Barber v. State*, 715 N.E.2d 848, 851 n. 2 (Ind.1999); *Valentin v. State*, 688 N.E.2d 412, 413 (Ind.1997).

impartial jury, *id.* at 413; *Phillips v. State,* 496 N.E.2d 87, 88 (Ind.1986), a defendant has a right to be tried by a jury whose members are selected by non-discriminatory criteria, *Shields,* 523 N.E.2d at 413. However, a defendant "is not constitutionally entitled to a jury representative and proportionate of every age group, or ethnic group, or educated ... group in the district in which the trial is held. A criminal defendant has no affirmative right to a jury of a particular racial, gender, or age composition." *U.S. v. Maxwell,* 160 F.3d 1071, 1075 (6th Cir.1998).

The federal circuit courts of appeals that have expressly considered the age issue in the juror exclusion context have rejected the claim that age is a protected class under these circumstances. *Weber v. Strippit, Inc.,* 186 F.3d 907, 911 (8th Cir. 1999) (collecting cases). As the Sixth Circuit noted, it is impossible to adequately define a group such as "young adults." *Maxwell,* 160 F.3d at 1075 (quoting *Ford v. Seabold,* 841 F.2d 677, 682 n. 2 (6th Cir.1988)). In rejecting the age-based claim in *Maxwell,* the court held that "[t]he practice of allowing peremptory challenges may be overridden only for the strongest constitutional reasons, which the Supreme Court has recognized in the cases of race and gender discrimination." *Id.,* 160 F.3d at 1076. *See also Weber,* 186 F.3d at 911 (quoting *Maxwell* and declining to extend *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to peremptory challenges based upon age). Furthermore, "[r]easons such as age and marital status are legitimate reasons for the exercise of peremptory challenges in cases analogous to [a narcotics case]." *U.S. v. Mojica,* 984 F.2d 1426, 1451 (7th Cir.1993). Other federal circuit courts have accepted age as a legitimate race- and gender-neutral factor supporting the exercise of peremptory challenges. *Weber,* 186 F.3d at 911 (collecting cases).

We agree with the federal circuits that age is not an impermissible basis for using a peremptory challenge. We find no equal protection violation.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.