**David Lee THOMPSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 10A01–0208–PC–316.**

Court of Appeals of Indiana.

June 27, 2003.

Publication Ordered Aug. 19, 2003.

David L. Thompson, Pendleton, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

David Lee Thompson appeals the denial of his petition for post-conviction relief. He raises two issues on appeal, which we consolidate and restate as whether Thompson's counsel, who represented him both at trial and on appeal, provided ineffective assistance when she failed to question the aggravating factors cited by the trial court when enhancing Thompson's

sentence.[1]  We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

When Thompson directly appealed his convictions, we set out the underlying facts as follows:

> M.W., her sister, her mother ("Mother"), and her mother's boyfriend ("Boyfriend") lived in a motel room above a Lounge where Mother worked.  In August or September of 1992, Boyfriend met Thompson.  Shortly thereafter, Boyfriend would bring Thompson to the motel room where the two men would alternatively have intercourse with both Mother and eleven-year-old M.W.  In September, M.W. moved in with Thompson.  She lived with him for approximately two months during which time he had intercourse with her frequently.  Boyfriend and Thompson threatened M.W. and Mother with physical harm if they told anyone of the abuse.

> In February of 1994, the State filed an information charging Thompson with three counts of child molesting, one for his activities during October, 1992, one for his acts during November, 1992, and one for his conduct during December, 1992.  A jury trial began on July 18, 1995[.]

\* \* \* \* \*

The jury eventually found Thompson guilty as charged.

*Thompson v. State*, No. 10A04–9601–CR–30, memo. op. at 3–4, 683 N.E.2d 1363 (Ind.Ct.App. July 29, 1997).  We affirmed Thompson's convictions on direct appeal. *Id.*

Thompson filed a *pro se* petition for post-conviction relief.  Appointed counsel amended that petition, and the State filed an answer.  After a hearing, the court denied Thompson's petition in an order that contained findings of fact and conclusions of law.

## DISCUSSION AND DECISION

### *Standard of Review*

■  Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d 389, 391 (Ind.2002), *reh'g denied.*  Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind.2002), *reh'g denied, cert. denied,* 537 U.S. 1122, 123 S.Ct. 857, 154 L.Ed.2d 803 (2003); *see also* Ind. Post–Conviction Rule 1(1)(a).  Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence.  P–C.R. 1(5).

■  When a petitioner appeals the denial of post-conviction relief, he appeals from a negative judgment. *Curry v. State*, 674 N.E.2d 160, 161 (Ind.1996).  Consequently, we may not reverse the post-

---

1.  In his brief, Thompson raises as separate issues counsel's ineffective assistance and the trial court's reliance on improper aggravating circumstances.  Because the sentencing question was available on direct appeal, it may not be raised in post-conviction proceedings as a free-standing issue. *Bunch v. State,* 778 N.E.2d 1285, 1289 (Ind.2002).  Despite the State's failure to argue waiver, we may find the argument procedurally defaulted. *See id.* As Thompson's allegation of ineffective assistance rests upon his counsel's failure to argue that the trial court used improper aggravators, we consider his sentencing argument in that context.

conviction court's judgment unless the petitioner demonstrates that the evidence "as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Id.* We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not have to give deference to the post-conviction court's conclusions of law. *Davidson,* 763 N.E.2d at 443–44. On appeal, we may not reweigh the evidence or reassess the credibility of the witnesses. *Id.* at 444.

*Ineffective Assistance Standard*

■ We review ineffective assistance of trial counsel claims under the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Wentz v. State,* 766 N.E.2d 351, 360 (Ind.2002), *reh'g denied.* First, the petitioner must demonstrate that counsel's performance was deficient because it fell below an objective standard of reasonableness and denied the petitioner the right to counsel guaranteed by the Sixth Amendment to the United States Constitution. *Smith v. State,* 765 N.E.2d 578, 585 (Ind.2002), *reh'g denied.* We presume that counsel provided adequate assistance, and we give deference to counsel's choice of strategy and tactics. *Id.* "Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective." *Id.*

■ Second, the petitioner must demonstrate that he was prejudiced by his counsel's deficient performance. *Wentz,* 766 N.E.2d at 360. To demonstrate prejudice, a petitioner must demonstrate a reasonable probability that the result of his trial would have been different if his counsel had not made the errors. *Id.* A probability is reasonable if our confidence in the outcome has been undermined. *Id.* If we may easily dismiss an ineffective assis-

tance claim based upon the prejudice prong, we may do so without addressing whether counsel's performance was deficient. *Id.*

■ We also review ineffective assistance of appellate counsel under the standard outlined in *Strickland. Bieghler v. State,* 690 N.E.2d 188, 192 (Ind.1997), *reh'g denied, cert. denied,* 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998). Accordingly, a petitioner must first demonstrate that his counsel's representation fell below professional norms. *Id.* at 193. Then, the petitioner must demonstrate that his counsel's errors resulted in prejudice. *Id.*

■ Thompson claims that his appellate counsel was ineffective because she failed to raise an obvious issue on appeal. When we analyze claims based upon a failure to raise issues, we must be especially deferential to counsel's decision because deciding which issues to raise on appeal "is one of the most important strategic decisions to be made by appellate counsel." *Id.* at 193, 194. The petitioner must demonstrate "from the information available in the trial record or otherwise known to appellate counsel that appellate counsel failed to present a significant and obvious issue and that this failure cannot be explained by any reasonable strategy." *Ben-Yisrayl v. State,* 738 N.E.2d 253, 261 (Ind. 2000), *reh'g denied, cert. denied,* 534 U.S. 1164, 122 S.Ct. 1178, 152 L.Ed.2d 120 (2002).

■■ Counsel was not deficient if, in light of the facts and the precedent available, counsel's choice of issues was reasonable. *Bieghler,* 690 N.E.2d at 194. In other words, counsel was deficient only if the omitted issues were significant, obvious, and "clearly stronger than those presented." *Id.* Even if counsel's choice of issues was not reasonable, the petitioner's

claim will not prevail unless he can demonstrate a reasonable probability that the outcome of the direct appeal would have been different. *Id.*

Thompson claims that his counsel at trial and on appeal was ineffective for the same reason: both at sentencing and on appeal, counsel failed to argue that the trial court was increasing the length of Thompson's sentence based upon improper aggravators. To determine whether to affirm the post-conviction court's decision that Thompson did not receive ineffective assistance of counsel, we first review the propriety of the trial court's sentencing of Thompson.

A trial court has discretion to determine the length of a sentence. *Price v. State*, 725 N.E.2d 82, 85 (Ind.2000). We review sentencing decisions, including findings regarding aggravators and mitigators, for an abuse of discretion. *Id.* To impose an enhanced sentence, a trial court should identify significant aggravators and mitigators, relate the facts and reasons supporting the aggravators and mitigators, and balance the aggravators and mitigators before reaching the sentence. *Ajabu v. State*, 722 N.E.2d 339, 343 (Ind.2000), *reh'g denied.* A single aggravating factor is sufficient to justify an enhanced sentence. *Kilpatrick v. State*, 746 N.E.2d 52, 62 (Ind.2001). In addition, the same aggravating factor may be used to enhance a sentence and to order sentences served consecutively. *Id.*

The trial court sentenced Thompson to the presumptive ten years on each count, with five years added to each for aggravating circumstances and with the sentences running consecutively, for a total sentence of forty-five years. At the sentencing hearing, the court made the following statement:

> I'm also going to find aggravating circumstances before I pronounce my sentence. And the aggravating circumstances are those as indicated not only in the Pre–Sentence Investigation Report, but in the comments of the Prosecuting Attorney.[2] I'm looking at a situation here where there was psychological trauma to the victim. That psychological trauma was more likely to have been caused by the conduct of [Boyfriend], but certainly this Defendant's conduct in treating this girl and [having] intercourse with a young girl under the age of twelve caused trauma to her. Secondly, she is under the age of twelve years, and the court can certainly consider that in sentencing. And thirdly, if I imposed a reduced sentence in this particular cause, it would depreciate the seriousness of the offenses committed. And, finally, I do believe that in this instance, the Defendant is in need of correctional treatment that can be best provided by a commitment.

(Appellant's App. at 1048–49) (footnote added).

The first factor cited by the trial court was the psychological trauma experienced by the victim. The State argues that this is a proper aggravating factor, citing *Moore v. State*, 569 N.E.2d 695, 699 (Ind.Ct.App.1991), *trans. denied.* While we held in that case that emotional trauma was a proper aggravating factor and that case has never been explicitly

---

**2.** Additional aggravators cited by the Prosecutor, but not mentioned specifically by the trial court included: Thompson being in a position of trust with the victim; Thompson committing additional uncharged crimes; the risk that Thompson could commit this crime again with his step-children; Thompson's need for counseling that could be provided in a correctional facility; Thompson's lack of remorse; Thompson's prior criminal record of public intoxication; and the nature and circumstances of the crime being heinous.

overruled, subsequent cases have limited the circumstances in which the use of this aggravator is proper. We are to presume the legislature considered the emotional and psychological impact on the victim when it set the presumptive sentence for a crime. *Mitchem v. State*, 685 N.E.2d 671, 679–80 (Ind.1997). Therefore, the emotional and psychological effects of a crime are inappropriate aggravating factors unless the impact, harm, or trauma is greater than that usually associated with the crime. *Id.* Here, the trial court's sentencing statement did not indicate that the psychological effects on M.W. were greater than those on any other child who had been molested. Consequently, the trial court's reliance on this aggravating factor was improper. *See Simmons v. State*, 746 N.E.2d 81, 91 (Ind.Ct.App.2001), *reh'g denied, trans. denied.*

■ The second factor the trial court considered is that the victim was under the age of twelve. Thompson argues the age factor is inappropriate because the victim's age was an element of the offense he committed. He is correct. *See McCarthy v. State*, 749 N.E.2d 528, 539 (Ind.2001) ("When the age of a victim constitutes a material element of the crime, then the victim's age may not also constitute an aggravating circumstance to support an enhanced sentence."). The age of the victim is an element of child molesting as a class B felony. *See* Ind.Code § 35–42–4–3(a) (1994) ("A person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony."). Consequently, the trial court's consideration of this factor was im-

proper. *See, e.g., McCarthy*, 749 N.E.2d at 539.

■ The third aggravator cited by the trial court was that imposition of a reduced sentence would depreciate the seriousness of the offenses committed. Thompson correctly notes that the trial court's reliance on the " 'depreciate the seriousness' aggravator is appropriate only where the trial court is considering a reduced sentence." *Hawkins v. State*, 748 N.E.2d 362, 363 (Ind.2001), *reh'g denied.* As the court here was not considering a reduced sentence, consideration of this factor was inappropriate.[3] *See id.*

■ The fourth aggravator cited by the trial court was that Thompson was "in need of correctional treatment that can be best provided by a commitment." (Appellant's App. at 1049.) Thompson correctly notes that this factor is inappropriate without a supporting statement by the trial court explaining "why the defendant is in need of correctional treatment that can best be provided by a period of incarceration *in excess* of the presumptive sentence." *Ajabu*, 722 N.E.2d at 339. Because the trial court here did not explain why Thompson was in need of treatment best provided by an extended commitment, reliance on this factor was inappropriate. *See Price*, 725 N.E.2d at 85.

Because all four of the aggravating factors were inappropriate, counsel should have realized that the trial court had listed no factors justifying Thompson's enhanced sentence. If counsel had raised this issue on direct appeal, we would have reversed Thompson's sentence and remanded for resentencing. *See, e.g., Powell v. State*, 751 N.E.2d 311, 318 (Ind.Ct.App.2001) (re-

---

**3.** We note that if the trial court had said something to the effect of "a sentence less than an *enhanced* term sought by the prosecutor would depreciate the seriousness of the

crime," such factor would be a proper aggravator. *See Ajabu*, 722 N.E.2d at 343 (quoting *Ector v. State*, 639 N.E.2d 1014, 1016 (Ind. 1994)).

versing enhanced sentence and remanding for resentencing where trial court cited three improper aggravating factors). Consequently, Thompson received ineffective assistance from counsel.

Therefore, we reverse the denial of Thompson's petition for post-conviction relief. On remand, the post-conviction court should grant Thompson's petition for relief and instruct the trial court to resentence Thompson.

Reversed and remanded with instructions.

MATHIAS, J., and KIRSCH, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this appeal on June 27, 2003, marked Memorandum Decision, Not for Publication.

Comes now the Appellant, *pro se*, and files herein Motion to Publish Memorandum Decision, alleging therein that said decision establishes counsel's duty to object when a sentencing judge cites improper aggravating factors to enhance a defendant's sentence. The Appellant therefore requests this Court to publish its Memorandum Decision.

The Court having examined said Motion, having reviewed its opinion in this case and being duly advised, now finds that said Motion to Publish Memorandum Decision should be granted.

IT IS THEREFORE ORDERED that the Appellant's Motion to Publish Memorandum Decision is granted and this Court's opinion heretofore handed down in this cause on June 27, 2003, marked Memorandum decision, Not for Publication, is now ordered published.