**Warren GUTERMUTH, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 10A01–0306–PC–218.**

Court of Appeals of Indiana.

Dec. 18, 2003.

Rehearing Denied Feb. 4, 2004.

Susan K. Carpenter, Public Defender of Indiana, Gregory J. Garvey, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Warren Gutermuth appeals the denial of his petition for post-conviction relief. We affirm.

### Issue

Gutermuth raises one issue, which we restate as whether the post-conviction court properly denied his petition challenging his sentence following a guilty plea.

### Facts

On March 15, 1996, the State charged Gutermuth with two counts of Class B felony child molesting and three counts of Class C felony child molesting arising out of the molestation of three children who referred to Gutermuth as "Grandpa."[1] Appellant's App. pp. 10–12. On January 1, 1997, the day a jury trial was scheduled to begin, Gutermuth pled guilty to the three counts of Class C felony child molesting. In exchange for Gutermuth's guilty plea, the State dismissed the two Class B felony charges.

On February 21, 1997, the trial court held a sentencing hearing, at which it sentenced Gutermuth to eight years executed on two of the three convictions and four years executed and four years suspended on the third conviction. The trial court ordered that the sentences be served consecutively.

Gutermuth did not file a direct appeal, but filed a pro se petition for post-conviction relief on July 20, 2000. Gutermuth filed an amended petition on December 5, 2002, which challenged the trial court's consideration of the various aggravators and mitigators.[2] The trial court denied his petition, and Gutermuth now appeals.

### Analysis

The petitioner in a post-conviction proceeding must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Wesley v. State*, 788 N.E.2d 1247, 1250 (Ind.2003). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing a

---

1. Although the probable cause affidavit indicates that Gutermuth is not "legally" the children's grandfather, they referred to him as such. *See* Appellant's App. p. 10.

2. In his amended petition, Gutermuth alleged that his sentence is manifestly unreasonable. However, the substance of his argument rested on whether the trial court abused its discretion in considering various aggravators and mitigators. Although he characterizes his challenge on appeal as an attack on the appropriateness of his sentence, he only argues that the trial court improperly considered various aggravators and mitigators. Thus, he waives the issue of whether his sentence is appropriate by failing to present a cogent argument and authority explaining why his sentence was in fact inappropriate. *See Walgamuth v. State*, 779 N.E.2d 533, 537 n. 4 (Ind.Ct.App.2002), *trans. denied.*

negative judgment." *Id.* "As such, the petitioner faces a rigorous standard of review. The petitioner must convince the court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Id.* We will disturb a post-conviction court's decision only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Id.* Because the post-conviction court entered findings of fact and conclusions of law, we will reverse its findings and judgment only upon a showing of clear error, which is error that leaves us with a definite and firm conviction that a mistake has been made. *See id.* at 1251.

### I. Waiver

■ Initially, the State argues that any challenge to his sentence is waived because Gutermuth could have raised the issue in a direct appeal, but did not file one. The State concedes that it did not argue waiver during the post-conviction relief proceedings. Because Gutermuth's failure to raise the sentencing issue on direct appeal would be categorized as a procedural default, the State urges us to find that the issue is waived sue sponte. *See Bunch v. State,* 778 N.E.2d 1285, 1289 (Ind.2002) (observing that on appeal a party may suggest that the other party's procedural default is an appropriate basis to affirm judgment below even if default was not argued before the lower court).

■ The State contends that because Gutermuth could have challenged his sentence on direct appeal and did not, the issue is waived. *See Taylor v. State,* 780 N.E.2d 430, 435 (Ind.Ct.App.2002) ("Taylor has forfeited his claim of sentencing error by failing to present it upon direct appeal, when such could have been so presented."), *trans. pending.* As we decide today

in a procedurally similar case, the failure to raise a sentencing issue on direct appeal does not automatically foreclose a defendant's ability to raise the issue in a petition for post conviction relief. *See Collins v. State,* No. 49A05–0304–PC–159, 800 N.E.2d 609 (Ind.Ct.App. Dec. 18, 2003).

In reaching its conclusion, the *Taylor* court recognized that the trial court had advised Taylor of his right to appeal his sentence. *Taylor,* 780 N.E.2d at 435. On the other hand, in *Collins,* the trial court informed Collins that by pleading guilty he waived his right to appeal. *Collins,* 800 N.E.2d at 613. We distinguished *Collins* from *Taylor* on the basis that Collins was advised he was waiving his right to appeal without being further advised that he could appeal only the sentence. *Id.,* 800 N.E.2d at 613–614. For this reason, we concluded, "fairness dictates that we not apply the holding in *Taylor* and conclude that, given the facts of this case, Collins' sentencing issue was available to be raised in a petition for post-conviction relief." *Id.,* 800 N.E.2d at 614.

During his guilty plea hearing, the trial court advised Gutermuth as follows:

> THE COURT: Do you understand that if we were to proceed to trial today and if you were found guilty, you would nonetheless have the right to appeal your conviction to the Indiana Supreme Court or the Indiana Court of Appeals, as the case might be. Do you understand that?
>
> MR. GUTERMUTH: Yes, sir.
>
> THE COURT: And do you understand that by pleading guilty you also give up that right?
>
> MR. GUTERMUTH: Yes, sir.

Guilty Plea Hearing Tr. p. 8. As in *Collins,* the trial court here broadly informed Gutermuth that he was waiving his right to

appeal without further advising him that he could still appeal only the sentence. As in *Collins*, Gutermuth pled guilty and did not file a direct appeal; instead, he challenged his sentence in a post-conviction relief proceeding. Because of the advisement of rights in this case, fairness dictates that Gutermuth's sentencing issue be available in a petition for post-conviction relief. *See Collins*, 800 N.E.2d at 613.

## II. Sentence

■ The transcript of the sentencing hearing[3] indicates the trial court considered as aggravators: that Gutermuth lacked remorse; that he violated a position of trust; that the crime involved multiple victims; that he was likely to reoffend; that a reduced sentence would depreciate the seriousness of the crimes; that he was in need of correctional rehabilitative treatment best provided by commitment to a penal facility; and that his actions had an impact on the emotional condition of the victims. In assessing the mitigators, the trial court did not consider Gutermuth's guilty plea as a mitigator. The trial court did observe that Gutermuth was eighty-two years old at the time of the sentencing hearing, but it concluded that this factor was entitled to little mitigating weight. Finally, the court found Gutermuth's lack of criminal history to be a mitigator. The trial court concluded that the aggravators outweighed the mitigators and enhanced his sentence on each count.

■ Generally, a reviewing court will modify a sentence only where a trial court abused its discretion in sentencing a defendant. *Lewis v. State*, 769 N.E.2d 243, 247 (Ind.Ct.App.2002), *trans. denied.* The post-conviction court listed the aggravators and mitigators that the trial court

relied on, found that they were properly considered, and concluded that Gutermuth's "sentence was not manifestly unreasonable." Appellant's App. p. 267. It appears that the post-conviction court did not review the trial court's sentencing order for an abuse of discretion and instead determined that Gutermuth's sentence was not manifestly unreasonable, a separate analysis under Indiana Appellate Rule 7(b). *See Hildebrandt v. State*, 770 N.E.2d 355, 360 (Ind.Ct.App.2002) (recognizing that although a trial court may have acted within its lawful discretion in determining a sentence, the Indiana Constitution authorizes independent appellate review and revision of a sentence), *trans. denied.* Although the post-conviction court appears to have reviewed his petition under the wrong standard of review based on the substance of Gutermuth's argument, he has not convinced us that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *See Wesley*, 788 N.E.2d at 1250.

With regard to the aggravators, the State concedes the trial court abused its discretion in considering that a reduced sentence would depreciate the seriousness of the crime to be an aggravator. *See Thompson v. State*, 793 N.E.2d 1046, 1053 (Ind.Ct.App.2003) (observing that this factor is a valid aggravator only when the trial court is considering a reduced sentence). Because there is no evidence that trial court considered imposing a reduced sentence, it improperly considered this factor as an aggravator.

■ The trial court also considered the emotional impact on the victims as an aggravator. In considering this factor, "[w]e are to presume the legislature considered

---

3. The trial court's written sentencing order provides no discussion of the various aggrava-

tors and mitigators that it considered. *See* Appellant's App. pp. 188–89.

the emotional and psychological impact on the victim[s] when it set the presumptive sentence for the crime." *Id.* "Therefore, the emotional and psychological effects of a crime are inappropriate aggravating factors unless the impact, harm, or trauma, is greater than that usually associated with the crime." *Id.* Here, the trial court's sentencing statement does not indicate that the emotional harm suffered by the victims was any greater than that suffered by other victims of molestation. Thus, the trial court's consideration of this aggravator was improper. *See id.*

As another aggravator, the trial court recognized that Gutermuth was in need correctional treatment that can best be provided by commitment to a correctional facility. This factor is improperly considered as an aggravator unless it is supported by an explanation as to why the defendant is in need of correctional treatment best provided by incarceration in excess of the presumptive sentence. *Id.* The trial court did not explain why Gutermuth needed treatment best provided by *extended* commitment to a correctional facility. Thus, the trial court's reliance on this aggravator was also improper. *See id.*

The final aggravator that Gutermuth challenges is his lack of remorse. He argues that the trial court improperly relied on "the State's misrepresentations about his statements during the polygraph examination...." Appellant's Br. p. 10. Even if this assertion is correct, there is other evidence of Gutermuth's lack of remorse. For example, the record also indicates that Gutermuth maintained his innocence during the pre-sentence investigation even after he had pled guilty. *See* Appellant's App. pp. 137–38. Thus, the trial court did not erroneously consider Gutermuth's lack of remorse as an aggravator.[4]

With regard to the mitigators, Gutermuth argues that the trial court should have considered Gutermuth's guilty plea as a mitigator. Gutermuth, however, did not plead guilty until the day of trial. Therefore, his guilty plea did not save the State the time and expense of preparing for trial. *See Farris v. State,* 787 N.E.2d 979, 984 (Ind.Ct.App.2003) (rejecting a defendant's argument that the trial court failed to consider his guilty plea as a mitigator where the charges were pending for six years before he pled guilty). Moreover, in exchange for his guilty plea, the State dismissed the two Class B felony child molesting charges. Thus, Gutermuth had already received a substantial benefit in exchange for his guilty plea. The trial court did not abuse its discretion in refusing to consider Gutermuth's guilty plea as a mitigator, especially where it was not accompanied by any expression of remorse.

Gutermuth also argues that the trial court should have given more weight to his advanced age as a mitigator. The trial court considered Gutermuth's age but gave it little mitigating weight because his age had no bearing on the "devastating effect of [sic] the children." Sentencing Hearing Tr. p. 110. Because the trial court was not obligated to weigh all possible mitigators as a Gutermuth would have liked, it did not abuse its discretion in declining to give significant mitigating weight to his age. *See Sensback v. State,* 720 N.E.2d 1160, 1163–64 (Ind.1999) (recognizing that a trial court need make a record of only those mitigators it finds significant and that it is not obligated to weigh all possible mitigators as the defendant suggests).

Finally, Gutermuth argues that the trial court did not give sufficient weight to his

---

4. Gutermuth does not challenge the remaining aggravators: the fact that there were mul-

tiple victims, the violation of his position of trust, and the risk that he would reoffend.

lack of criminal history as a mitigator. The trial court did attribute some mitigating weight to Gutermuth's lack of criminal history and, again, was not required to allocate weight to this mitigator in the same manner as Gutermuth would have. *See id.* The trial court did not abuse its discretion in considering Gutermuth's lack of criminal history as it did.

■ The trial court properly considered Gutermuth's lack of remorse, the fact that there were multiple victims, the violation of his position of trust, and the risk that he would reoffend as aggravators. The trial court also properly gave little mitigating weight to Gutermuth's age and considered his lack of criminal history as another mitigator. Given that a single aggravator alone may be sufficient to support an enhanced sentence, we cannot conclude that the trial court abused its discretion in sentencing Gutermuth. *See Davies v. State,* 730 N.E.2d 726, 742 (Ind.Ct.App. 2000) ("A single aggravator is sufficient to support the imposition of enhanced or consecutive sentences."), *trans. denied.* Although the post-conviction court appears to have reviewed Gutermuth's sentence under the manifestly unreasonable standard instead of for an abuse of discretion, it did not err in denying his petition because the trial court did not abuse its discretion in enhancing Gutermuth's sentence. Gutermuth has not established that the evidence leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *See Wesley,* 788 N.E.2d at 1250.

### Conclusion

Gutermuth's failure to file a direct appeal did not cause him to waive review of his sentence in a post-conviction relief proceeding because the trial court advised him generally that he waived his right to appeal. Because the trial court did not

abuse its discretion in imposing an enhanced sentence, the post-conviction court did not err in denying Gutermuth's petition. We affirm.

Affirmed.

DARDEN and MAY, JJ., concur.