Daniel Boone **COLLINS**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49A05–0304–PC–159.

Court of Appeals of Indiana.

Dec. 18, 2003.

Rehearing Denied Feb. 4, 2004.

Susan K. Carpenter, Public Defender of Indiana, Gregory J. Garvey, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Daniel Boone Collins appeals the denial of his petition for post-conviction relief. We affirm.

### Issues

Collins raises two issues, which we restate as:

I. whether he could challenge his sentence in a post-conviction proceeding; and

II. whether he was properly advised of his right to have a jury trial on his habitual offender charge.

## Facts

On June 3, 1996, the State charged Collins with one count of Class B felony child molesting and one count of Class C felony child molesting. On July 11, 1996, the State filed an habitual offender charge. On October 8, 1996, Collins agreed to plead guilty to one count of Class B felony child molesting and to being an habitual offender. In exchange, the State agreed to dismiss the Class C felony charge. The trial court accepted Collins' guilty plea and ordered that he be committed to a State mental health facility until he was competent to be sentenced because he suffered from paranoid schizophrenia.

On April 4, 1997, after Collins was determined to be competent to be sentenced, a sentencing hearing was held, at which Collins expressed remorse for his actions. The trial court found two significant aggravators, namely the nature of Collins' criminal history and the fact that the victim was only four years old when Collins committed the crime. The trial court found Collins' chronic mental illness was a mitigator. The trial court sentenced Collins to twenty years on the Class B felony child molesting conviction and thirty years on the habitual offender enhancement and recommended that he be placed in a facility where he would receive treatment for his mental illness.

Collins did not file a direct appeal. On February 3, 2000, Collins filed a pro se petition for post-conviction relief, which was amended on April 5, 2002. In the amended petition, Collins alleged that he was erroneously sentenced because the trial court did not consider his guilty plea or remorse as mitigators, he received the maximum sentence, and the victim's age was improperly considered as an aggravator. Collins also asserted that his guilty plea was illusory, that he was not advised of his right to have a jury trial on the habitual offender enhancement, and that his trial counsel was ineffective.

On December 6, 2002, the post-conviction court held a hearing on Collins' petition, which it later denied. In denying the petition, the post-conviction court concluded that Collins waived his sentencing claim because he could have raised the issue on direct appeal, but chose not to file one. Waiver notwithstanding, the post-conviction court concluded that Collins was properly sentenced. The post-conviction court also concluded that Collins presented no evidence that his guilty plea was illusory or involuntarily made; that Collins was informed of his right have a jury determine the habitual offender enhancement; and that Collins did not establish that he received ineffective assistance of counsel. Collins now appeals.

## Analysis

The petitioner in a post-conviction proceeding must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Wesley v. State,* 788 N.E.2d 1247, 1250 (Ind.2003). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing a negative judgment." *Id.* "As such, the petitioner faces a rigorous standard of review. The petitioner must convince the court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Id.* In other words, we will disturb a post-conviction court's decision only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Id.* Further, because the post-conviction court entered findings of fact and conclusions of law, we will reverse its findings and judgment only upon a showing of clear error, which is error that leaves us with a definite and

firm conviction that a mistake has been made. *See id.* at 1251.

## I. Challenging His Sentence

 Collins argues that the post-conviction court erred in concluding he had waived the issue of whether the trial court properly weighed the aggravators and mitigators when it sentenced him.[1] In reaching its conclusion, the post-conviction court relied on *Taylor v. State*, 780 N.E.2d 430 (Ind.Ct.App.2002), *trans. pending.* In *Taylor*, a panel of this court recognized that other cases have suggested that post-conviction procedures are a proper method for addressing sentencing errors. *Id.* (citing *Reffett v. State*, 571 N.E.2d 1227, 1228–29 (Ind.1991)). The *Taylor* court concluded, however:

> Taylor has forfeited his claim of sentencing error by failing to present it upon direct appeal, when such could have been so presented. Taylor admits that he filed no direct appeal, and we can discern no difference between this situation and one in which a defendant does file a direct appeal, but fails to present an issue to the court. The fact remains that the sentencing issue *could have been* presented on direct appeal but was not. Thus, this issue is not available to Taylor upon a petition for post-conviction relief.

*Id.* (emphasis in original). The *Taylor* court went on to note that trial courts are not required to advise criminal defendants of the right to appeal their sentences. *Id.* (citing *Garcia v. State*, 466 N.E.2d 33, 34 (Ind.1984) (holding that the trial court was not required to advise Garcia that he could still appeal his sentence, that he was waiving his right to have court-appointed counsel at trial and on appeal, and that he was waiving his right to a direct appeal should his case have gone to trial because such advisements were not required by the statute[2] governing guilty pleas)). The court then recognized that because Taylor admitted he was advised of his right to appeal his sentence, it was proper to impose the doctrine of waiver. *Id.* Relying on *Taylor*, the post-conviction court concluded that because Collins could have raised the alleged sentencing error on direct appeal and did not, he waived the issue.

Although we appreciate the *Taylor* court's reasoning and the fact that Collins did not file a direct appeal challenging the propriety of his sentence, the facts before us are distinguishable. Unlike Taylor, there is no indication that Collins was informed of his right to challenge his sentence on direct appeal. In fact, in addressing Collins' right to appeal, the trial court informed him, "Now, when you plead guilty, see, if we had gone to trial and you had been convicted after a trial, Mr. Collins, you could have taken an appeal. When you plead guilty you waive your right to an appeal." Exhibit A pp. 17–18. Thus, the facts in this case are different from those in *Taylor* because Collins was advised that he was waiving his right to appeal and was not informed of his right to challenge his sentence on direct appeal.

 It is well settled that "one of the consequences of pleading guilty is that

---

1. We note that on appeal Collins argues that his sentence is inappropriate, but he did not raise this issue or whether his sentence was manifestly unreasonable in his petition for post-conviction relief. His failure to do so waives the issue. *See Gibson v. State*, 777 N.E.2d 87, 89 n. 3 (Ind.Ct.App.2002), *trans. denied.*

2. *See now* Ind.Code § 35–35–1–2 (requiring trial courts to inform defendants in part of the waiver of their right to a speedy trial by jury, to confront and cross-examine witnesses, to compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which they may not be compelled to testify against themselves).

the defendant loses the ability to challenge his *conviction* on direct appeal; post-conviction relief remains as the proper vehicle for challenging the guilty plea." *Beaudry v. State*, 763 N.E.2d 487, 490 (Ind.Ct.App. 2002).[3] However, a defendant is entitled to contest the merits of a trial court's sentencing decision where the court has exercised sentencing discretion,[4] even following a guilty plea. *Tumulty v. State*, 666 N.E.2d 394, 396 (Ind.1996). Further, the Indiana Constitution authorizes independent appellate review and revision of a sentence in a separate analysis under Indiana Appellate Rule 7(B). *See Hildebrandt v. State*, 770 N.E.2d 355, 360 (Ind. Ct.App.2002), *trans. denied*. Thus, under most circumstances, a defendant has the right to challenge his or her sentence on direct appeal.

We must reconcile the fact that defendants have the right to challenge their sentences on direct appeal with the fact that trial courts are not required to advise criminal defendants of their right to appeal their sentences.[5] *See Garcia*, 466 N.E.2d 33 at 34. Following *Garcia*, we are not concluding that the trial court's failure to advise Collins of the right to appeal his sentence renders his guilty plea involuntary, unknowing, or otherwise invalid. Instead, our focus is on whether Collins is precluded from raising the propriety of his sentence in a post-conviction relief proceeding[6] because he was not informed of his right to directly appeal the sentence. Here, the trial court broadly informed Collins that he waived his right to appeal without further advising him that he could appeal only the sentence. For that reason, fairness dictates that we not apply the holding in *Taylor* and conclude that, given the facts of this case, Collins' sentencing issue was available to be raised in a petition for post-conviction relief.

3. In this case, Beaudry filed a petition for leave to file a belated appeal nearly ten years after his sentence was imposed, which the trial court denied. *Beaudry*, 763 N.E.2d at 489. Beaudry appealed the denial of his petition and we affirmed the trial court's decision on that basis that he "has neither shown that his failure to file a timely appeal is due to the fault of another, nor has he shown that he has been diligent in requesting permission to file a belated notice of appeal." *Id.* at 491. The case before us today is procedurally different in that Collins filed a petition for post-conviction relief challenging the propriety of his sentence, not a petition for leave to file a belated appeal.

4. When a defendant pleads guilty and is sentenced in a manner consistent with the fixed term specified in the guilty plea, the trial court does not exercise its discretion in sentencing the defendant. *See Briscoe v. State*, 783 N.E.2d 790, 791 (Ind.Ct.App.2003) (recognizing that once a trial court has accepted a plea agreement recommending a specific sentence, the terms of the agreement constrain the discretion the court would otherwise employ in sentencing).

5. We note that in practice trial courts often advise defendants that they are waiving their right to appeal a conviction during guilty plea hearings. *See, e.g.*, Indiana Criminal Benchbook § 50–70.400 (3d ed.2001). That, however, does not advise defendants that they have the right to challenge their sentence on direct appeal. In the future, such an advisement may be preferable in situations where a plea agreement has left sentencing to the trial court's discretion.

6. Our holding today does not alter the fact that a defendant who pleads guilty and files a direct appeal, which does not challenge his or her sentence, is precluded from raising it for the first time in a post-conviction relief proceeding. *See Sanders v. State*, 764 N.E.2d 705, 709 (Ind.Ct.App.2002), *trans. denied; cert. denied*, 537 U.S. 916, 123 S.Ct. 300, 154 L.Ed.2d 201. In other words, our decision today is not intended to give defendants a second bite at the apple, but to ensure they may seek to have their sentences reviewed at some level.

However, our analysis does not end here because, notwithstanding its finding of waiver, the post-conviction court considered Collins' sentencing claim on its merits. Generally, a reviewing court will overturn the sentence imposed by the trial court only where there is an abuse of discretion.[7] *Lewis v. State*, 769 N.E.2d 243, 247 (Ind.Ct.App.2002), *trans. denied.*

The post-conviction court considered the fact that the victim was only four years old to be a valid aggravator. Even if the victim's age was not a valid aggravator, the post-conviction court also found that Collins lengthy criminal history, which included seventeen convictions one of which was also for child molesting, alone was sufficient to support imposing the maximum sentence.

In assessing the mitigators, the post-conviction court recognized that a sentencing court is not required to give mitigating factors the same weight that a defendant would. *See Sensback v. State*, 720 N.E.2d 1160, 1163–64 (Ind.1999) (observing that although a trial court should consider all proffered mitigators, it need make a record of only those that the court finds significant and that a court is not obligated to weigh all possible mitigators as the defendant suggests). The post-conviction court then found Collins' mental illness to be a mitigator.

The post-conviction court concluded that the trial court:

> balanced the aggravators and the mitigator and found that, given Petitioner's

extensive criminal history including a prior molest, the issue of his mental health could best be recognized and addressed in the placement of Defendant rather than by reducing his sentence. It was not unreasonable for the Court to find that the defendant's criminal history outweighed the mitigating factors that the Petitioner presented to the Court. Thus, the Court finds that Petition would not be entitled to relief on this claim even if he had not procedurally defaulted on such claim.

Appellant's App. pp. 167–68. The post-conviction court appears to have reviewed Collins' sentence for an abuse of discretion as it was required to do. *See Lewis*, 769 N.E.2d at 247. We cannot conclude that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. The post-conviction relief court did not err in concluding that the trial court properly sentenced Collins.[8]

## II. Advisement of Right to Jury Trial on Habitual Offender Enhancement

Collins also argues that his guilty plea was not knowing, intelligent, and voluntary because he was not informed that he had the right to a jury trial on the habitual offender enhancement. Collins concedes that "one who pleads guilty to both the underlying charges and the habitual offender enhancement need not be informed specifically of his right to a jury trial on the habitual offender en-

---

7. One advantage to raising sentencing challenges on direct appeal is that we review the trial court's sentence for an abuse of discretion. When an appellant appeals the denial of a petition for post-conviction relief challenging the propriety of a sentence, we review the denial under the rigorous standard of whether the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. This is one reason why direct appeal is the preferred method for challenging a sentence. *See Wesley v. State*, 788 N.E.2d 1247, 1250 (Ind.2003).

8. Because of our holding today, Collins need not be permitted to file a belated appeal as he requests in his reply brief.

hancement[.]" Appellant's Br. p. 13–14 (citing *Snyder v. State*, 668 N.E.2d 1214, 1215 n. 1 (Ind.1996)). In *Snyder*, our supreme court noted that when a defendant pleads guilty to an offense along with an habitual offender enhancement, "a trial court's advisement that the defendant [i]s waiving jury trial on all charges would sufficiently advise a defendant as to both the instant charges and the habitual." *Snyder*, 668 N.E.2d at 1215.

Here, Collins was informed as follows:

THE COURT: Okay. Under the terms of the plea agreement, you are agreeing to plead guilty to two things: The first is child molesting as a Class B felony. Do you understand that?

THE DEFENDANT: Yes, Ma'am.

THE COURT: And you are also agreeing to plead guilty to being an habitual offender. Do you understand that?

THE DEFENDANT: Yes, Ma'am.

\* \* \* \* \*

THE COURT:.... You have the right to a public and speedy trial by jury, but when you plead guilty you give up that right. Do you understand?

THE DEFENDANT: Yes, ma'am.

Exhibit A pp. 5, 16. Although the trial court did not use the exact language prescribed in *Snyder*, Collins was aware that he was pleading guilty to both the Class B felony child molesting charge and the habitual offender enhancement. Collins was also informed that he had a right to a jury trial and that he was giving up that right by pleading guilty. This was sufficient to inform Collins of his rights. The trial court properly denied Collins' petition on this issue.

## Conclusion

Collins should have been permitted to challenge his sentence in a post-conviction relief proceeding because he was misinformed that he completely waived the right to appeal when he pled guilty. Regardless, the post-conviction did review his sentence and did not err in denying his petition. Further, Collins was adequately informed of his right to have the habitual offender enhancement tried by a jury. We affirm.

Affirmed.

DARDEN and MAY, JJ., concur.