## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2020, 12:05 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Johnny W. Ulmer
Ulmer Law Offices, Inc.
Bristol, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Harold Lee Arnold, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 31, 2020 <br><br> Court of Appeals Case No. 19A-CR-2415 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable John M. Marnocha, Judge <br><br> Trial Court Cause No. 71D02-1901-F6-19 |

**Baker, Judge.**

[1] Harold Lee Arnold, Jr., appeals his conviction for Level 6 Felony Domestic Battery.[1] He argues that his rights under the Sixth Amendment to the United States Constitution were violated because he was denied a jury of his peers.[2] Finding no constitutional violation, we affirm.

## Facts

[2] On January 3, 2019, the State charged Arnold with Level 6 felony domestic battery, Level 6 felony strangulation, and Level 6 felony confinement. Arnold's jury trial began on August 29, 2019, with voir dire.

[3] During voir dire, one potential juror complained that he did not believe Arnold could receive a fair trial because a Black juror had been dismissed[3] and Arnold was Black, meaning that there was no juror left who Arnold could "call a peer[.]" Tr. Vol. II p. 98. The potential juror stated that as a result, the prosecutor would "try and make things out the way they probably aren't." *Id.* at 99. The trial court conferenced with the attorneys and dismissed that potential juror with no objection. After being dismissed, the prospective juror apologized to Arnold, saying "that's the way things are in America[] now" and announcing to the courtroom that Arnold was "not going to get justice here."

---

[1] Ind. Code § 35-42-2-1.3.

[2] Arnold also cites to Article I, Section 13 of the Indiana Constitution but makes no separate argument under that provision. As we will not craft an argument on his behalf, we decline to address this issue, but note that even if it had been properly raised, the result of the appeal would have remained the same.

[3] Arnold had not objected to the dismissal of the previous juror.

*Id.* at 100. All the jurors ultimately seated on the jury indicated that the comments by the potential juror would not prevent them from being fair and impartial. Tr. Vol. III p. 9-10.

[4] At the conclusion of Arnold's jury trial on August 30, 2019, the jury found him not guilty of strangulation and confinement and guilty of domestic battery. On September 23, 2019, the trial court imposed a two-year sentence but ordered it fully suspended to probation. Arnold now appeals.

## Discussion and Decision

[5] Arnold argues that the lack of any Black people on his jury violated his Sixth Amendment rights.[4] Initially, we note that Arnold did not raise this argument to the trial court by objecting to the makeup of the jury. Therefore, he has waived it. *E.g.*, *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004) (noting that a "trial court cannot be found to have erred as to an issue or argument that it never had an opportunity to consider").

[6] Acknowledging that he did not object below, Arnold argues that the makeup of the jury constituted fundamental error. This extremely narrow exception to the waiver doctrine applies only when the error constitutes a blatant denial of basic due process principles that makes it impossible to receive a fair trial. *Ryan v.*

---

[4] It is somewhat unclear, but he may also be arguing that the trial court should have ordered a new jury pool after the comments made by the potential juror who was dismissed. To the extent that Arnold is making this argument, we note that the jurors indicated to the trial court that those comments would not prevent them from being fair and impartial. As we have no reason to question the jurors' impartiality on these grounds, we decline to reverse on this basis.

*State*, 9 N.E.3d 663, 668 (Ind. 2014). A matter rising to the level of fundamental error is a matter that the trial court had a sua sponte duty to correct. *Id.* at 668. If it is possible to recognize a strategic explanation for counsel's decision to refrain from objecting, then by definition, the error cannot have been fundamental. *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014).

[7] We agree with the State that in this case, there are obvious strategic reasons for why counsel may have decided not to raise a Sixth Amendment objection to the jury makeup. Among other things, counsel may not have wanted to have the jury pool struck because counsel believed the jury, as selected, would be favorable to the defense—an instinct that was ultimately correct, given that the jury acquitted Arnold on two of the three charges he faced. Under these circumstances, Arnold cannot show fundamental error and has waived the argument.

[8] Waiver notwithstanding, we note very briefly that it is well established that a defendant is "not entitled to a jury of any particular composition," *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975), or to "a 'petit jury composed in whole or in part of persons of his own race,'" *Batson v. Kentucky*, 476 U.S. 79, 85 (1986) (quoting *Strauder v. West Virginia*, 100 U.S. 303, 305 (1880)). *See also Price v. State*, 725 N.E.2d 82, 87 (Ind. 2000) (holding that a criminal defendant "'has no affirmative right to a jury of a particular racial, gender, or age composition'") (quoting *U.S. v. Maxwell*, 160 F.3d 1071, 1075 (6th Cir. 1998)). Instead, the

"Sixth Amendment requirement of a fair cross section[5] on the venire is a means of assuring, not a *representative* jury (which the Constitution does not demand), but an *impartial* one (which it does)." *Holland v. Illinois*, 493 U.S. 474, 480 (1990) (emphases original).

In other words, the mere fact that there were no Black people on Arnold's jury does not establish a constitutional violation.[6] Arnold does not argue that his jury was partial or biased. And indeed, the jury was clearly able to be impartial given that it acquitted him of two of the three charges he faced despite consistent testimony from the victim and corroborative evidence regarding the victim's injuries. Consequently, this issue is unavailing.

The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.

---

[5] To prove a violation of the Sixth Amendment's fair cross-section requirement, the defendant must show that (1) the group alleged to be excluded from the jury pool is a distinctive group in the community; (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) this under-representation is due to systematic exclusion of the group in the jury selection process. *E.g.*, *Duren v. Missouri*, 439 U.S. 357, 364 (1979). Arnold references this test but does not attempt to address its elements or make the required showing. Appellant's Br. p. 9-10.

[6] We note that we take at face value Arnold's claim that there were no Black people on the jury. Aside from the statements made by the potential juror who was dismissed, there is no evidence in the record regarding the racial makeup of the jury venire or the jury ultimately selected.