**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LISA M. JOHNSON**
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA SHIPLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 07A05-1204-CR-225 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BROWN CIRCUIT COURT
The Honorable Judith A. Stewart, Judge
Cause No. 07C01-1106-FB-192

**November 1, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Joshua Shipley appeals his twelve-year sentence for Class B felony criminal confinement with a deadly weapon. He contends that his sentence is inappropriate in light of the nature of the offense and his character. He also argues that the trial court abused its discretion in identifying certain aggravators and in failing to identify a mitigator. We conclude that although the trial court abused its discretion in identifying certain aggravating factors, the court would have imposed the same sentence without relying on these aggravators. We also conclude that Shipley's sentence is not inappropriate in light of the nature of the offense and his character. We affirm.

**Facts and Procedural History**

One evening in June 2011, Jamie Kucinskas went for a hike near Lake Ogle in Brown County State Park. Kucinskas was hiking alone, and at one point on the trail, she passed Shipley, whom she did not know. She acknowledged Shipley and continued hiking. Suddenly Shipley grabbed Kucinskas from behind and put a knife to her throat. Shipley told her to be quiet or he would kill her. Kucinskas fought back and was able to escape. Kucinskas sustained deep cuts to her right hand from the knife Shipley was wielding.

Fleeing from Shipley, Kucinskas found Indiana Conservation Officer Kevin Conner. Kucinskas told Officer Conner that a man had attacked her. Kucinskas was taken to a nearby hospital and treated for her injuries. She later identified Shipley as her attacker from a photo array. Kucinskas also described Shipley's clothing—a black, long-

2

sleeved shirt with a bright red and white pattern and camouflage pants—and told police that she believed she had scratched Shipley's face during the attack.

After obtaining a search warrant, police found Shipley in his apartment. He had a number of scratches on his face and neck. Clothing matching Kucinskas' description was found in his trashcan. Later, after being advised of his rights, Shipley admitted that he had attacked Kucinskas with a knife.

The State charged Shipley with Class B felony criminal confinement while armed with a deadly weapon, Class C felony battery by means of a deadly weapon, and Class C felony intimidation. After a competency hearing in December 2011, the trial court concluded that Shipley was competent to stand trial. However, in early 2012, Shipley entered into a plea agreement in which he pled guilty to Class B felony criminal confinement while armed with a deadly weapon and the State dismissed the two remaining counts; sentencing was left to the trial court's discretion.

At sentencing, Shipley's attorney presented testimony that Shipley had an IQ estimated in the mildly mentally handicapped range and a history of depression and substance abuse. Shipley also testified that when he attacked Kucinskas, he was depressed because his girlfriend had recently ended their relationship.

The trial court summarized the evidence before it:

Factors that I think help to mitigate the nature of the offense, are the fact that I [] believe you when you say you are remorseful. I believe that you do have sincere remorse for what you've done. And you have, in fact, accepted responsibility. I agree with your attorney on that. Not only by pleading guilty but early on as well. So I do find that to be a mitigating factor. *I also think that the mental health concerns that have been expressed have to be taken into consideration by the court.* But you have

3

been found competent and they do not form any type of a defense to the crime.

Tr. p. 52-53 (emphasis added). With respect to aggravating factors, the trial court said:

On the other side of the equation, facts that argue for a sentence greater than ten years, include the criminal history that you have. And that is a large one for the court. You come in with not just minor offenses but with a . . . theft and two class B felony burglaries already. And that is a very strong aggravating factor to the court. I also think that the nature of the crime, I see a lot of different charges of criminal confinement. And this is an extremely serious criminal confinement. It was with a knife.

\* \* \* \* \*

Because of the character of the offense, the nature of the offense, based on the victim impact statement that the Court has considered, this will affect this young woman probably for the rest of her life, her feeling of safety, her feeling of being able to be in a public place without constantly worrying.

*Id.* at 53-54. The court concluded, "It is a very serious offense and your criminal history I find outweighs the mitigating factors. *Id.* at 54. The trial court sentenced Shipley to fifteen years in the Department of Correction, with twelve years executed and three years suspended to probation.

Shipley now appeals.

### Discussion and Decision

On appeal, Shipley argues that his sentence is inappropriate in light of the nature of the offense and his character. Although Shipley frames his argument solely as whether his sentence is inappropriate, within this argument Shipley also claims that the trial court improperly identified certain aggravators and failed to identify a mitigator. We address both of these claims.

4

## I. Abuse of Discretion

Shipley challenges each of the aggravators identified by the trial court. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. Because the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion in failing to properly weigh such factors. *Id.* at 491. If a trial court abuses its discretion, "remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.*

Shipley challenges the trial court's use of the "nature of the offense" as an aggravator. He first argues that the trial court erred in identifying as an aggravator the

fact that the "nature of the crime was aggravating because Kucinskas experienced psychological trauma." Appellant's Br. p. 14. Shipley contends that the trial court abused its discretion in finding this aggravator because the emotional and psychological effects of a crime are inappropriate aggravating factors unless the impact, harm, or trauma is greater than that usually associated with the crime. We agree. The trial court's sentencing statement did not indicate that the psychological effects on Kucinskas were greater than those usually associated with criminal confinement of this type. Consequently, the trial court's reliance on this aggravating factor was improper. *See Thompson v. State*, 793 N.E.2d 1046, 52-53 (Ind. Ct. App. 2003) (psychological trauma suffered by victim was improper aggravating factor where trial court's sentencing statement did not indicate that the impact on the victim was greater than that on any other child victim of the same crime). The trial court abused its discretion in finding this aggravator.

We reach the same conclusion with respect to the trial court's reliance on Shipley's use of a knife during the crime. Shipley argues that the fact that he used a knife during the commission of the crime is an improper aggravator as a matter of law because it is an element of the underlying offense. Indeed, Shipley pled guilty to Class B felony criminal confinement while armed with a deadly weapon. *See* Ind. Code § 35-42-3-3(a)(1)(b)(2)(A). Because Shipley's possession of the knife was a material element of the offense for which he was convicted, this was an improper aggravator. *See Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000) (a trial court may not use a fact that comprises a material element of a crime as an aggravator).

6

Although we find that the above were improper considerations for the trial court, the remaining aggravator—Shipley's criminal history—was a proper and significant consideration for the trial court. "The significance of a criminal history 'varies based on the gravity, nature and number of prior offenses as they relate to the current offense.'" *Morgan v. State*, 829 N.E.2d 12, 15 (Ind. 2005) (quoting *Wooley v. State*, 716 N.E.2d 919, 929 n.4 (Ind. 1999), *reh'g denied*). Our Supreme Court observed in *Wooley* that "a criminal history comprised of a prior conviction for operating a vehicle while intoxicated may rise to the level of a significant aggravator at a sentencing hearing for a subsequent alcohol-related offense. However, this criminal history does not command the same significance at a sentencing hearing for murder." 716 N.E.2d at 929 n.4. Here, Shipley has both juvenile adjudications and adult convictions, including three felony convictions. The fact that Shipley's past crimes were not crimes of violence does not negate the seriousness of the crimes nor the fact that Shipley is a repeat offender. The trial court did not err in finding Shipley's criminal history to be an aggravator.

In addition to challenging the aggravating factors found by the trial court, Shipley contends that the trial court failed to identify his mild mental handicap as a mitigating factor. We disagree. The trial court expressly considered Shipley's mental-health issues as a mitigating factor, and this mental-health reference includes the evidence presented regarding Shipley's mild mental handicap. *See* Tr. p. 52-53 ("I also think that the mental health concerns that have been expressed have to be taken into consideration by the court.").

7

Thus, while the trial court erred in considering Shipley's use of a knife and the effect of the crime on the victim as aggravating factors, we conclude that this was harmless, as we believe the court would have imposed the same sentence in light of the remaining aggravators and mitigators—Shipley's significant criminal history, mental-health issues, remorse, and guilty plea. *See Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007) (trial court's abuse of discretion in considering Roney's substance abuse as an aggravating factor was harmless error because his sentence remained the same based on the weighing of other aggravators and mitigators), *trans. denied*.

## II. Inappropriate Sentence

Shipley also contends that his sentence is inappropriate in light of the nature of the offense and his character. We disagree.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

The sentencing range for a Class B felony is six to twenty years, with ten years being the advisory term. Ind. Code § 35-50-2-5. Because of Shipley's criminal history, the minimum sentence of six years could not be suspended. Ind. Code § 35-50-2-2(b)(1) (requiring the execution of the minimum sentence for a person committing a Class B felony with a prior unrelated felony conviction). Here, the trial court sentenced Shipley to fifteen years, with twelve years executed and the remaining three years suspended to probation. Shipley's sentence is within the statutory range.

Regarding the nature of the offense, there is nothing in the record that indicates that this sentence is inappropriate. Shipley ambushed a stranger in a state park with a knife, pressing the knife to her throat and threatening to kill her. The victim sustained deep cuts to her right hand when attempting to shield herself from the knife and escape from Shipley. As the trial court aptly noted, this offense is extremely serious.

9

Regarding his character, we acknowledge that Shipley has mental-health issues, which was also recognized by the trial court. However, Shipley, who was twenty-eight at sentencing, has both juvenile adjudications and adult convictions, including a felony conviction for theft and two felony convictions for burglary. He has violated probation and has a history of substance abuse. Specifically, Shipley has a pattern of heavy alcohol and marijuana use and has also used cocaine, methamphetamine, ecstasy, LSD, mushrooms, and prescription medication without a prescription. While Shipley maintains that he abused these substances in an effort to self-medicate due to his mental-health issues, this contention nonetheless shows a disregard for the law. Shipley has not convinced us that his character warrants a reduction in his sentence.

After due consideration of the trial court's decision, we cannot say that Shipley's twelve-year executed sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

MATHIAS, J., and BARNES, J., concur.